AARON MCKNIGHT V. SAMUEL THOMPSON ET AL.

FILED MARCH 21, 1894. No. 4998.

1. **Vendor and Vendee:** MISREPRESENTATIONS: DECEIT. Ordinarily, a mere misrepresentation of the value of real estate which is the subject-matter of the contract is not actionable, although falsely and fraudulently made by the seller and relied upon by the buyer.

2. ———: ———: RESCISSION OF SALE. The rule is otherwise where the purchaser resides a considerable distance from the location of the land, is ignorant of its value, and is prevented from examining the property or from making inquiries as to its condition and value by trick or fraud of the vendor.

ERROR from the district court of Hitchcock county. Tried below before COCHRAN, J.

*J. W. Cole,* for plaintiff in error, insisting that the petition states a cause of action, cited: *Phillips v. Jones,* 12 Neb., 213; *Talion v. Ellison,* 3 Neb., 74; *Faulkner v. Klamp,* 16 Neb., 178; *School District v. Randall,* 5 Neb., 411.

*J. Byron Jennings, contra.*

No brief filed on behalf of defendants in error.

NORVAL, C. J.

Aaron McKnight traded to Samuel Thompson and John Cruts a stallion, and took in exchange therefor three lots in

the city of Topeka, Kansas. · McKnight brought this action in the lower court for a rescission of the contract, or, if rescission cannot be had, for damages on account of alleged fraudulent representations of the defendants in the trade of the lots. The district court sustained a general demurrer to the petition and dismissed the action; to reverse which ruling plaintiff brings the case here on error.

The petition charges, among other things, in substance, that on the 25th day of March, 1890, the defendants, conspiring and confederating together to cheat and defraud plaintiff, represented that the defendant Thompson was the owner of lots 299, 297, and 301, on Kolon avenue, Jenkins M. Morris' addition to the city of Topeka, Kansas, and, for the purpose of inducing plaintiff to trade for said lots, defendants represented to plaintiff that said lots were of the value of $1,000, and that they were incumbered for the sum of $650, and no more; that defendants, for the purpose of inducing plaintiff to rely upon their statements as to the value of said lots, read and delivered to plaintiff a letter bearing date of January 7, 1890, purporting to have been written by one V. Franklin, of the Citizens Bank of McCook, Nebraska, to the First National Bank of Topeka, Kansas, inquiring as to the value of said lots, with the pretended answer thereto of the cashier of the said·First National Bank ; that said pretended answer placed the value of said lots at $350 to $400 each. The petition further charges that said representations and statements of the defendants were false and untrue, and were known to be such by the defendants when made; that said lots were of no value whatever over and above the mortgage incumbrance thereon of $650; that instead of the value of said lots having been placed at $350 to $400 each by said cashier in his said letter, their value was stated by him to be from $150 to $200 each, but that said defendants, for the purpose of defrauding plaintiff, changed and raised said figures; that plaintiff had never seen said lots

52

and was wholly ignorant of their value, but that, relying entirely upon the said statements and representations of the defendants, and believing the same to be true, and that said letter of the cashier was genuine and not forged, plaintiff was induced to and did give defendants in exchange for said lots a stallion of the value of $500, and assumed and agreed to pay said incumbrance of $650 on said real estate.

The question presented for our consideration is whether the petition was sufficient to entitle plaintiff to the relief demanded. Usually a mere assertion concerning the value of property made by the vendor is not actionable, although known by him to be untrue. In other words, a charge of fraud can seldom be predicated on the mere expression of an opinion, and representations or statements of the value of property are generally regarded of that character, and a vendor is not ordinarily warranted in placing any confidence in them. Such is undoubtedly the rule where the buyer is acquainted with the property and its value, or where he has negligently omitted to make inquiries for the purpose of ascertaining the real condition of the property. The rule, however, is otherwise where the purchaser resides at considerable distance from the location of the property which is the subject of the negotiations and is prevented from examining it or from making inquiries as to its value and condition by the fraud of the seller. In such case a false assertion concerning value will not be regarded as a mere expression of opinion, but will be treated as an affirmation of fact.

The supreme court of New York in *Chrysler v. Canaday*, 90 N. Y., 272, say: "The rule is well settled that a naked assertion by a vendor of the value of property offered for sale, even although untrue of itself, and known to be such by him, unless there is a want of knowledge by the vendee, and the sale is made in entire reliance upon the representations made, or unless some artifice is employed to prevent

inquiry or the obtaining of knowledge by the vendee, will not render the vendor responsible to the vendee for damages sustained by him. In this case there are facts proven which show artifice and conspiracy from the outset on the part of the defendant to cheat and defraud the plaintiff, who was put in communication with parties who aided in carrying out the deception and putting him under the influence of confederates who acted in collusion and with the palpable purpose to deceive and defraud him. The facts referred to would undoubtedly have great effect upon a jury, and if properly presented, would justify a verdict for the damages sustained." (See *Simar v. Canaday*, 53 N. Y., 298; *Lord v. French*, 61 Me., 420; *King v. Sioux City Loan & Investment Co.*, 76 Ia., 11; *Witherwax v. Riddle*, 121 Ill., 140; *Harris v. McMurray*, 23 Ind., 9.)

In *Simar v. Canaday, supra*, it was ruled that a statement made by the vendor, which is tantamount to an estimate of opinion, such as value, is not actionable, but that every assertion as to value of property sold is not regarded as a mere matter of opinion and belief; and whether it is merely the expression of an opinion, or an affirmation of a fact, is a question for the jury. Folger, J., in delivering the opinion of the court, observes: "And where they are fraudulently made of particulars in relation to the estate which the vendee has no equal means of knowing, and where he is induced to forbear inquiries which he would otherwise have made, and damage ensues, the party guilty of the fraud will be liable for the damage sustained."

The Indiana case cited above was an action upon a note given for a part of the purchase price of a quarter section of land. The defendant set up in his answer that the plaintiff falsely and fraudulently represented the land to be of the value of $33 per acre, and the soil rich, black loam, and that he had been offered $32 per acre; that defendant had never seen the land nor been in the neighborhood of it; that before closing the purchase he started to

see it, but was turned back by plaintiff's repeating his representations, and stating if the neighbors did not say it was worth that much there would be no trade; that defendant relied upon said representations; that the land was not of the value stated, but was worth only $18 per acre, and that such is the opinion of the neighbors; that urgent business called him to his home and he had no opportunity for three or four months of inquiring about, or going to see, the land. It was held that the answer stated a good defense.

The Iowa case was where a loan of $800 was made upon eighty acres of land which the borrower, in 'his written application for the loan, had falsely and fraudulently represented to be of the value of $30 per acre, when in fact it was not worth to exceed $5. Relying upon the application, plaintiff accepted the securities and paid the money for them. On the discovery of the fraud he tendered back the securities and brought an action to recover the money. Upon these facts the trial court at the close of plaintiff's case directed a verdict for the defendant. The supreme court reversed the case, and in speaking of the written application in the opinion, say: " It was more than a mere general declaration of the value of the property, based upon the opinion of either Wellman or the general manager. It was the deliberate preparation of a statement for the information of persons seeking to invest money, and upon which they were invited to rely without an examination of the land."

In the case at bar the trade was made in this state, while the land was in another. Plaintiff had never seen the lots, nor was he acquainted with their value. He had no opportunity of examining them, and was prevented from so doing by reason of the false statements made by the defendants and the forged letter already mentioned. We think the facts set up in the petition, if true, are sufficient to entitle plaintiff to have the contract of exchange set aside on the ground of fraud, and that the district court

erred in sustaining the demurrer to the petition.   Judgment reversed and cause remanded.

REVERSED AND REMANDED.

POST, J., not sitting.