SIMPSON MCKIBBIN V. HENRY J. DAY ET AL.

FILED MARCH 2, 1904. No. 13,379.

1. Venue: SUMMONS TO ANOTHER COUNTY. In a personal action for the recovery of money only, where a resident of the county where the action is brought is joined with a resident of another county, to authorize service upon the latter in the county of his residence there must be an actual right to recover against the defendants jointly.

2. Jurisdiction: JOINT LIABILITY. Where the allegations of the petition in a case of that character are such as to include both a joint and several liability against the defendant, the jurisdiction of the court as to the nonresident on his several liability, is sufficiently challenged by a plea to the jurisdiction, setting forth the fact of his residence in another county, and the service of process upon him therein, and upon the return of a verdict which negatives a joint liability, he is entitled to a dismissal.

3. Parties: INSTRUCTION. In an action for false and fraudulent representations in the sale of property, where a copartnership and the alleged members thereof are made defendants, and the relationship of the other defendants to such copartnership is put in issue, it is error for the court to instruct on the theory that the individual members of the copartnership are the only parties defendant.

4. Sale: REPRESENTATIONS. Ordinarily, where a vendee has an opportunity for inspection, representations by the vendor, as to the value of the property, are regarded as mere expressions of opinion, and afford no basis for an action of fraud and deceit.

5. ———: FRAUD. But where such representations are based on

special knowledge of the vendor, which he obtained or pretends to have obtained, by handling the property or invoicing it, and are believed by the vendee, and acted upon by him to his injury, they amount to actionable fraud.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*A. E. Harvey* and *Stewart & Munger,* for plaintiff in error.

*L. C. Burr, contra.*

ALBERT, C.

Henry J. Day brought this action in the district court for Lancaster county against Simpson McKibbin, George J. McKibbin, John S. McKibbin and McKibbin Brothers, a copartnership. Service on all of the defendants save Simpson McKibbin was had in Lancaster county. Simpson McKibbin was a resident of Phelps county, and summons issued to that county for him and was served on him there.

The allegations of the petition are, in substance, as follows: That the defendant McKibbin Brothers is a copartnership composed of the other defendants herein. That, on a certain date, the plaintiff was the owner of certain real and personal property in Phelps county, and the defendants were the owners of a certain house and lot, stock of merchandise and store fixtures in the city of Lincoln. That, on said date, the defendants, with intent to cheat and defraud the plaintiff, and for the purpose of inducing him to exchange his said property in Phelps county for the property of the defendants, falsely and fraudulently represented to him that their said house was well built, in good repair, and would rent for $50 a month, and that the said house and lot were worth the sum of $8,000; that an invoice of the said stock of merchandise had been taken about four months before, that it invoiced $6,700; that the stock had been increased since such in-

voice, and said stock and fixtures were worth $7,000; that said stock was new and well selected, and had not been in the store more than one year; that the business conducted with said stock and fixtures was prosperous, and that the daily sales thereof had averaged $80 a day, as shown by the defendants' books.

The plaintiff alleges that he relied upon said representations, believed them to be true, and was thereby induced to make said exchange with the defendants. That the said representations were false, as the defendants well knew, in this: The said house was not well built, was not in good repair and would not rent for $50 a month; that the said invoice of stock, taken by the defendants, did not show the value thereof to be $6,700, and the said stock had not been increased since such invoice; that said stock was not new or well selected, but old and shop worn, and consisted of odds and ends of little value; that the business conducted with said stock and fixtures was not prosperous, and the daily sales thereof averaged much less than $80 a day; that the said stock of goods and fixtures were not worth to exceed $3,000, and the said house and lot were not worth to exceed $4,000. The damages are laid at some $6,000.

Simpson McKibbin, who, as we have seen, was not a resident of the county in which the action was brought and was not served with process there, filed a separate answer in which he interposed a plea to the jurisdiction of the court over his person, setting up the fact that he resided in Phelps county, was served with process in that county, was not a member of the firm of McKibbin Brothers and was not interested therein directly or indirectly. In his answer he admitted having made the trade set forth in the petition, but denied all the other allegations therein contained. The other defendants answered, denying all the allegations of the petition. A trial resulted in a verdict in favor of the plaintiff and against the defendant Simpson McKibbin, and in favor of George J. McKibbin and John S. McKibbin against the plaintiff. As to the co-

partnership, no verdict was returned. Simpson McKibbin, thereupon, again challenged the jurisdiction of the court and asked to be dismissed. His motion was overruled and judgment entered against him in favor of the plaintiff, and in favor of George J. McKibbin and John S. McKibbin against the plaintiff. From the judgment in favor of the plaintiff, Simpson McKibbin prosecutes error, and from the judgment in favor of George J. McKibbin and John S. McKibbin, the plaintiff brings error.

As to Simpson McKibbin, the principal question is that of the jurisdiction of the court to render judgment against him. The action is purely personal and for the recovery of money only, and does not fall within any exception to the general rule formulated in section 60 of the code, which requires actions to be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned. One of the latest cases construing that section is *Stull Bros. v. Powell*, 70 Neb. 152. In that case the authorities are collected and compared, and the conclusion deduced therefrom is that, to authorize summons to another county in personal actions for the recovery of money only, there must be an actual right to join the resident and nonresident defendants. In the body of the opinion it is said, in effect, that the right to maintain an action of that character against the nonresidents served in another county, would depend upon the plaintiff really having a right to recover from the resident defendants jointly with the others. That the plaintiff in this case did not "really" have such right seems to be established by the verdict of the jury.

But it is insisted that the petition not only shows a joint liability by reason of the partnership relations of the defendants, but also a joint liability independent of such relations, and that, while the defendant Simpson McKibbin in his plea to the jurisdiction denied that he was a member of the copartnership, he did not, in express terms, deny joint liability for the false and fraudulent representations. We do not think such denial was necessary. Under

our rules of practice, the allegations of the petition are sufficient to sustain a judgment against any or all of the defendants, because a cause of action against each defendant, severally, is included in the allegations showing a joint liability. But it is only for the purposes of the joint liability that service of process on Simpson McKibbin in another county was authorized. Hence, when he alleged in his plea to the jurisdiction that he was a nonresident of the county where the action was brought, and was not served with process therein, but was served in another county, he stated facts sufficient to defeat the jurisdiction of the court, so far as it was sought to obtain a judgment against him severally, and when it was established by the verdict of the jury that he was not liable jointly with his codefendants, or any of them, he was entitled to a dismissal. In *Penney v. Bryant*, 70 Neb. 127, this court held that, where a joint liability is asserted against several defendants in order to maintain an action against one or more of them in a county other than that where they reside or are found, the latter are not to be held upon a different or several liability, even though it be disclosed by the pleadings and proof.

As to the judgment in favor of the defendants George J. McKibbin and John S. McKibbin and against the plaintiff, we think it should also be reversed. In the statement of the issues to the jury, the court overlooked the fact that the firm of McKibbin Brothers, as such, was a party defendant, and whether the other defendants were members thereof was one of the issues in the case, and instructed on the theory that such other defendants were the only defendants. It is not difficult to see how this was prejudicial to the plaintiff. If, as alleged, the firm was a party to the transaction, each member thereof was liable because of that fact, whether he actually participated in said transaction or not. But as the issues were stated to the jury, it was necessary for the plaintiff to show that each defendant participated in the fraud, in order to hold him liable. The instructions would have warranted the

jury in finding in favor of some of the defendants, even
though it were established that the firm was a party to
the fraud, and the other defendants composed such part-
nership.   It is obvious, we think, that the charge in that
respect was erroneous.   It was the duty of the court to
instruct as to the issues, whether requested to do so or not.
*Kyd v. Cook,* 56 Neb. 71; *Hanover Fire Ins. Co. v. Stod-
dard,* 52 Neb. 745; *Sandwich Mfg. Co. v. Shiley,* 15 Neb.
109.   The jury made no finding as to the defendant firm.
It is probable that, had the issues been properly stated to
the jury, it might have been implied from the two verdicts
in this case that they found in favor of the firm, but, as
the cause was submitted, no such inference can be drawn,
because there is nothing in the entire charge whereby the
jury were instructed as to the authority of one partner to
bind the firm, or as to the liability of each member for the
act of every other member in respect to the partnership
business.

As the case goes back for a new trial, another feature
of the instructions should be noticed, and that is, the fail-
ure to distinguish between the representations in regard
to the value of the house and lot and the amount for
which said property would rent, and the other representa-
tions alleged to have been made by the defendants.   The
exchange was made, after the plaintiff had examined the
property which the defendants gave him in exchange for
his.   He had equal opportunity with the defendants to
ascertain the value of the house and lot, and the rental
value thereof.   Under such circumstances, their represen-
tations in that regard were mere expressions of opinion,
and he would not be warranted in relying upon them.   *Nos-
trum v. Halliday,* 39 Neb. 828; *McKnight v. Thompson,* 39
Neb. 752; *Crocker v. Manley,* 164 Ill. 282.   Such expres-
sions "are regarded as trade talk which every man of
intelligence receives *cum grano salis.*"   *Gordon v. Butler,*
105 U. S. 553; *Mooney v. Miller,* 102 Mass. 217.   As to the
value of the stock of goods and fixtures, a different rule
would apply, because the representations in regard to their

value, according to the plaintiff's theory, appear to have been based on special knowledge of the defendants obtained by handling the goods and invoicing them. But, in its instructions to the jury, the court made no distinction between the representations made in respect to the value of the real estate or the amount for which it would rent, and the other representations of which plaintiff complained. There can be no doubt that this was error, and prejudicial to Simpson McKibbin. It will no doubt be avoided on another trial.

It is therefore recommended that the judgment in this case be reversed and the cause remanded for further proceedings according to law.

FAWCETT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.