SIMPSON MCKIBBIN ET AL. V. HENRY J. DAY.

FILED SEPTEMBER 20, 1905. No. 14,120.

1. **Partnership: EVIDENCE.** Evidence examined, and *held* sufficient to sustain the special finding of the jury that Simpson McKibbin was a member of the firm of McKibbin Brothers.

2. **Trial: EVIDENCE.** An error of the trial court in the admission of evidence, which is insufficient to support an allegation of the petition, may ordinarily be cured by striking the testimony from the record and especially withdrawing it from the consideration of the jury by an instruction.

3. **Instructions** of the trial court examined, and *held* not prejudicial.

4. **Evidence: REVIEW.** Action of the trial court in the admission of evidence examined, and *held* not prejudicial.

5. **Award** of damages examined, and *held* excessive; and further, *held* that, unless a remittitur of $412.55 of the damages awarded be entered in this court, the judgment of the district court will be reversed and the cause remanded for further proceedings.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed on condition.*

*A. E. Harvey* and *Stewart & Munger,* for plaintiffs in error.

*L. C. Burr, contra.*

OLDHAM, C.

This is an action for deceit, before this court for a second review. At the first review, a judgment in favor of the plaintiff and against the defendant Simpson Mc-Kibbin alone was reversed, and the cause was remanded for proceedings under the opinion. This opinion is re-ported in 71 Neb. 280. On a second trial of the issues to a jury in the court below, there was a verdict for the plaintiff against all of the defendants. Judgment was rendered on this verdict, and to reverse this judgment defendants bring error to this court.

In the former opinion the issues involved in the controversy are fully set out, consequently, a restatement is unnecessary. At the last trial of the cause in the district court, the question as to whether Simpson McKibbin was a member of the firm of McKibbin Brothers was by his own request submitted to the jury for a special finding, and the jury answered that he was a member of the firm. An examination of the testimony contained in the bill of exceptions shows that there is competent evidence to support this finding, consequently, the verdict against all the defendants is sufficiently supported.

At the last trial of the cause, plaintiff amended his petition on the allegations of fraud and deceit in the sale of the real estate involved in the controversy. Defendants filed a motion to strike this allegation from the petition, because, on the testimony introduced at the first trial, we had held that the evidence was not sufficient to support the allegation of damages. The motion was overruled, and plaintiff was permitted, over defendants' objections, to introduce his testimony tending to support this issue. When the testimony was all introduced, the court, being of the opinion that it was still insufficient, struck out all the testimony admitted as to false representations of the cash value and rental of the real estate conveyed to plaintiff, and gave an instruction to the jury specifically withdrawing this issue from its consideration. It is now

strongly urged in defendants' brief that this admission of testimony, in the first instance, and the overruling of the motion to strike this allegation from the petition were highly prejudicial to the defendants, although the testimony was subsequently stricken from the record and the issue withdrawn by instruction from the consideration of the jury.

In the first place, the court did not err in refusing to strike the allegation from the petition, because the evidence introduced at the first trial was insufficient to support it, for the court had no means of knowing what additional testimony might be offered at the second hearing. Again, the testimony offered and received, in the first instance, was not of such a peculiarly prejudicial character as to probably influence the jury in its finding on the alleged fraud and deceit charged to have been practiced on the plaintiff in the sale of the stock of goods. When testimony is admitted and is not connected in such a manner as to make it material to the allegation it tends to support, the error in its admission at first is ordinarily cured by the action of the trial court in striking the testimony from the record and withdrawing it from the consideration of the jury by special instructions.

The next alleged error called to our attention in defendants' brief is that the court refused to give any instructions that fairly presented defendants' theory of the case to the jury. The case, as submitted to the jury, depended upon alleged fraudulent representations made by defendants to the plaintiff concerning the value of a stock of goods which defendants traded to plaintiff. Plaintiff's theory was that defendants had falsely and knowingly represented that the stock of goods had been invoiced at the first of the year, 1902, and that by such invoice they were shown to be of the value of $6,700; and that between the time of the invoice and the sale of the goods on April 30, 1902, defendants had made additions by purchase to the stock of goods sufficient to increase its value to the sum of $7,000. De-

fendants practically admitted the representations, but denied that they were fraudulently made, or that the goods were not of the value claimed. Plaintiff's testimony tended to show conclusively that the value of the stock of goods was but $4,353.31. Defendants introduced testimony tending to show that in July, 1901, there had been some kind of an invoice of the stock, as it then existed, and while contained in another building with some different fixtures, which invoice approximated $6,700. But the pretended invoice was incomplete, some pages missing, and included, among other things, items of $233 cash in the drawer, and $650 in notes and accounts. Under the issues thus arising on the testimony, the court instructed the jury much more at length than was necessary, but each of the instructions cast the burden on the plaintiff to show by a preponderance of the evidence that the representations of value made were false, and that they were made either with a reckless disregard of their verity, or with knowledge that they were false when made. The instructions were all framed to reflect the law of the case as determined at the first hearing in this court, and we are not pointed to any instructions which are inherently wrong.

Complaint is made in the brief of the defendants as to the action of the trial court in the admission of evidence, and in the latitude given the plaintiff's counsel in the cross-examination of the defendants. When deceit and fraud are alleged, a liberal range of investigation is properly permitted in the proof of such issues, and we have examined each of the several complaints in this regard and are satisfied that the trial judge did not exceed his proper discretion in his rulings in these matters.

It is next urged that the damages are excessive. In a determination of this question, we have made a careful examination of the evidence contained in the record, and are convinced, from such examination, that the quantum of damages awarded in the verdict exceed the proper measure of plaintiff's recovery, under the evidence and

the instructions given to the jury. Plaintiff's evidence shows very conclusively that an invoice of the stock of goods, made by competent and disinterested persons of large experience and unquestioned skill in mercantile pursuits, shows the value of the stock to have been $4,353.31 at the time it was purchased by plaintiff. Now, the measure of plaintiff's damage was the difference between the value of the stock as represented by the defendants and its actual value. Deducting the actual value of the stock from its represented value, the difference is $2,646.69. Allowing interest at the rate of 7 per cent. for 31 months —the time intervening between the purchase of the goods and the date of the trial—the amount of the interest, which is $478.61, added to the principal ($2,646.69) is $3,125.30, or $412.55 less than the damages awarded in the verdict.

We therefore recommend that, unless plaintiff enters a remittitur of $412.55 of the damages awarded, the judgment of the district court be reversed and the cause remanded for further proceedings; but that, if such remittitur be entered within thirty days of the filing of this opinion, the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that, unless the plaintiff, Henry J. Day, enter a remittitur in this court of $412.55 of the damages awarded in the court below, the judgment of the district court will be reversed and the cause remanded for further proceedings; but, if such remittitur be entered within thirty days, the judgment of the district court w

AFFIRMED.