JOSEPHINE WUSTRACK, APPELLEE, v. BERT M. HALL,
                    APPELLANT.

FILED FEBRUARY 27, 1914.   No. 17,609.

1. Fraud: EXCHANGE OF PROPERTIES: MISREPRESENTATIONS: INSTRUC-
   TIONS.   Instruction No. 7, the purport of which is set out in the
   opinion, examined, and *held*, under the facts in the case, not to
   be prejudicially erroneous.

2. Judges: DISQUALIFICATION: OBJECTIONS: WAIVER.   A litigant who
   voluntarily goes to trial and proceeds without objection until after
   an adverse verdict is rendered, with knowledge of facts which he
   alleges disqualify the judge from acting and render the office
   vacant, is estopped to raise such question thereafter merely to
   prevent the trial judge from ruling upon his motion for a new
   trial.

APPEAL from the district court for Butler county:
BENJAMIN F. GOOD, JUDGE.   *Affirmed.*

*L. S. Hastings* and *E. A. Coufal*, for appellant.

*C. M. Skiles* and *F. H. Mizera*, contra.

LETTON, J.

This was an action for damages which it is alleged re-
sulted to plaintiff by reason of defendant's false and fraud-

ulent representations as to certain of his property which was conveyed to plaintiff in exchange for property belonging to plaintiff. The petition alleges that the plaintiff owned 160 acres of land in Merrick county, Nebraska, of the value of $4,000, encumbered with a mortgage for $650; that the defendant then owned a black stallion worth $190, a block of lots in David City worth $1,000, encumbered with a mortgage to the same amount, and was the equitable owner of a small tract of land in Missouri of the value of $2 an acre; that, in order to induce plaintiff to exchange her land for this property, defendant falsely represented that the stallion was all right, was 9 or 10 years old, was worth $1,600, that a short time before the exchange it had been sold for $3,200 and that it was capable of earning $1,000 a year; that the block in David City was worth $2,400, that he had just purchased it for that sum; and that he owned the Missouri land, which was covered with blue grass, contained 40 acres, rented for $2.50 an acre and was worth $40 an acre, that he had paid the sum of $1,600 for the land, and that he had a letter from a bank stating it was well worth $40 an acre. The falsity of these allegations is then alleged; that the plaintiff believed and relied upon the same, and exchanged the Merrick county land for this property, to her damage in the sum of $3,260.

The defendant admits the exchange, pleads that the value of the Merrick county land did not at the time of the exchange exceed the sum of $800, subject to a mortgage of $650, and alleges that the property exchanged for the same by the defendant exceeded the value of the lands. He further pleads that the plaintiff acted upon the advice and counsel of her husband and her agent, and not upon his representations, and that defendant made no representations of any kind or character that were either false or untrue. An amendment was filed to the petition before judgment to conform to facts found as to a secret agreement of defendant with plaintiff's agent, Deland, and one Macurek. The jury returned a verdict for plaintiff for

the sum of $1,735.66. From a judgment on this verdict defendant has appealed.

Two errors are assigned. The first is that the court erred in giving instruction No. 7. Instruction No. 7 is concerned with the block of land in David City. It tells the jury that, "although you may believe from the evidence that the defendant Hall fraudulently misrepresented the cost and value thereof to plaintiff, and you further find from the evidence that the plaintiff had a fair opportunity to investigate the cost and value thereof, and was not prevented or induced by the defendant or his agents to refrain from investigating the value and cost thereof, but that the plaintiff failed to do so by reason of her own want of diligence, she cannot recover as to this item of damage." It is conceded by defendant that this portion of the instruction is a correct statement of the law. The latter part of the instruction is the portion which is complained of. In substance it states that false representations of cost and value made by defendant or by Deland and Macurek, if relied upon by plaintiff, would relieve her from the duty of making an investigation as to the value of the block. Plaintiff asserts and there was evidence from which the jury might find that Deland was secretly in the employment of defendant at the time of the exchange, and that the witness Macurek, who pointed out the block to plaintiff, was also an agent of defendant, and that he misstated facts and misrepresented its value when showing the property to plaintiff.

Defendant argued that false representations of value, made either by the defendant himself, or by Macurek or Deland if acting as agents for him, would not constitute actionable fraud, since ordinarily a mere assertion concerning the value of the property made by the vendor or his agent is not actionable, even though known by him to be untrue, citing *McKnight v. Thompson,* 39 Neb. 752, and other cases. No doubt this is the general rule. The evidence, however, shows that Deland had been employed by plaintiff to procure a buyer for the land, and was present when defendant, Hall, made the representations com-

plained of; that Hall and Deland afterwards divided the profits on the transaction, and were both interested in the exchange. There is also proof that Macurek was paid $25 for showing plaintiff the lots and "giving her a value" on them. Plaintiff had the right to believe and rely upon the representations and to be governed by the conduct of the person whom she believed to be occupying a confidential relation to her. If that person had been tampered with by the defendant so as to give him a profit if the exchange was made, and the plaintiff was thereby deceived into making the exchange, such conduct would give her a right of action for fraud and deceit if damaged thereby. So, also, as to statements made to her by Macurek, who, so far as she knew, was disinterested, but who in fact was secretly acting in the interest of defendant. While the language of the instruction is not technically accurate to the finest degree, when considered in connection with this evidence, we see nothing in it prejudicial to the defendant.

The next assignment of error is that Honorable Benjaman F. Good, the judge who presided at the trial of the case, was disqualified to rule upon the motion for a new trial and to enter judgment. The question was raised in the district court before the motion was ruled upon. It was shown that, while the family residence of the judge had been removed to Lincoln in September, 1911, his library and office furniture, and all the papers, documents, and records pertaining to his office as judge still remained within the district; that a large portion of the time since the family removed the judge had been occupied in the discharge of his duties in the district, and that the title to his office and his right to act as judge in this case had never been questioned until after the rendition of the verdict. Section 2275, Rev. St. 1913, provides: "Every civil office shall be vacant upon the happening of either of the following events at any time before the expiration of the term of such office, as follows: * * * Fifth: His ceasing to be a resident of the state, district, county, township, precinct or ward in which the duties of his office are to be exercised, or for which he may have been elected."

Appellant insists that under this section the office became vacant *ipso facto* by the removal of Judge Good from the district, and that his authority to perform any of its functions ceased. Throop, Public Officers, secs. 424, 425, is quoted to the effect that, under such a provision, it has been held that an office becomes vacant when the incumbent ceases to be a resident of the district, and that his successor may be appointed without an adjudication that his office is vacant.

The appellee contends: First, that, according to the stipulations of fact, Judge Good had not removed from the district at the time the motion was ruled upon; second, that he was a *de facto* officer; third, that defendant, by failing to make the objection at the beginning of the trial, or until after the verdict was rendered, waived the objection, and is now estopped from asserting the same. We think that, under the circumstances of this case, we need only consider the latter point. It does not appear that the defendant and his counsel were without knowledge of the facts with respect to the residence of the judge at the time the trial began, and a fair implication from the record is that they knew the facts at that time. During the trial, which proceeded for four days, ending November 25, 1911, no objection was made, and it was not until December 9, when the motion for a new trial was about to be passed upon, that any objections were raised with reference to his qualifications.

Defendant insists that the action of a usurping officer may be questioned directly in the proceedings in which the action is taken, but he concedes that the only exception to the case is when the complaining party is estopped. He maintains that in the case at bar the objection was made and the question raised before the judge acted upon the motion for a new trial, which is severable from the main case. While another judge may rule upon a motion for a new trial, efficiency is served by the motion being passed upon by the trial judge, and this is the better procedure. We are convinced that a party cannot split a trial into sections to serve his own ends; that, having

tacitly invited the judge to preside with knowledge of the facts, public interest requires that he should not be permitted to disavow his authority until the conclusion of the proceedings; and the defendant, having voluntarily submitted the conduct of the trial to Judge Good with knowledge of the alleged disqualification, is estopped, after an adverse verdict, to seek to prevent the further conduct of the case by the same judge for no other reason than that given. If the judge was qualified to preside at the trial, he was also qualified to rule upon the motion for a new trial. We think no good reason has been shown for a reversal upon this ground.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.