INEZ M. KUCERA, APPELLEE, v. CYRIL PELLAN, APPELLANT: ANNA PELLAN ET AL., APPELLEES.

273 N. W. 10

FILED MAY 7, 1937. No. 29978.

*Coufal & Shaw,* for appellant.

*Skiles & Skiles, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

PAINE, J.

The plaintiff, Inez M. Kucera, brought action to foreclose a mortgage upon a Butler county farm, and a decree was entered, finding the amount due on said mortgage to be $12,136, with interest at 8 per cent., and directing that the premises be sold, as provided therein. A motion for new trial was overruled, and defendant Cyril Pellan appealed, and charges that the court erred in refusing to allow him recoupment on his cross-petition for damages caused by the alleged false representations of August A. Hayek concerning the value, quality, and character of the farm.

The answer and cross-petition set up by way of cross-petition against the plaintiff and August A. Hayek, a co-defendant, that Pellan had owned 160 acres in Saunders county, Nebraska, for more than 20 years prior to March 18, 1928, and that on said date the land was of the fair market value of $25,520; that Hayek owned a farm in Butler county, Nebraska, on the south side of the Platte river, which contained when platted 222.5 acres, but actually contained only 190 acres, as the Platte river had washed away 32.5 acres thereof prior to 1928; that on March 18, 1928, Hayek came to the Pellan home in Saunders county and made a full, thorough, and complete examination of their farm, and proposed to purchase their farm for $160 an acre if the cross-petitioners would purchase his Butler county farm at $175 an acre; that at that time Hayek represented that the tract contained 220 acres, that it had 90 acres in cultivation, that it was of good character and quality of soil, that the land not under cultivation was all

good, fertile, productive land, and could all be cultivated and put into crops; that they relied upon these representations; that the parties met on Monday morning, March 19, 1928, and Pellan executed certain instruments, delivering a deed to Hayek in fee simple for a consideration of $25,520 for his 159.5 acres, and Hayek conveyed to him his Butler county farm for a consideration of $38,500, the difference in the price of the two farms being represented by the note and mortgage foreclosed in this case; that each party retained his own farm for one year, and that on March 1, 1929, cross-petitioner Pellan moved upon the farm he had purchased, and that, after experimenting in the cultivation of said farm for several years, he discovered in 1933 that the representations as to productivity, quality, and character of the land were false, and also discovered the shortage in acreage, and alleges that, by reason of such deficiencies, said land did not have the market value that was represented; that prior to the discovery of such frauds cross-petitioners paid interest on the mortgage in the sum of $3,000, and alleged that he had been damaged in the sum of $15,980.

The cross-petitioners further allege that when Hayek learned that the fraud had been discovered he transferred his mortgage and note to the plaintiff, who then represented herself to be a purchaser for value, without notice or knowledge of the fraud; that said Hayek is insolvent, and that the plaintiff herein had full knowledge of the fact that Hayek had defrauded the cross-petitioners before she placed her assignment of mortgage on record, and acted with Hayek in attempting to defeat recovery by such method, and the cross-petitioners pray that the real estate mortgage be canceled and that they recover against the plaintiff and Hayek, and each of them, a judgment for $15,960, with 6 per cent. from March 29, 1928.

Cyril Pellan testified that he was born in 1886 on the farm which he traded to Hayek, and that when he was 22 years old he acquired the farm from his father; that since the age of 18 he had been afflicted with deafness, and that

at the time of this trade he was unable to carry on an ordinary conversation; that a schoolhouse is located on the Pellan farm in Saunders county, and that the schoolteacher employed therein was courted by one Steve Macholan, who on one of his trips to see the teacher told Pellan that Hayek had this farm for sale, but the trial court allowed no evidence to be given as to what Steve said about the farm.

Pellan was interested in getting a larger farm, and two weeks after he heard about the farm he drove over and saw it for the first time on Saturday, March 17, 1928, on which date he drove with Steve along the highway between two 80-acre tracts of this farm, and went to see Hayek in his bank at Brainard. Hayek told Pellan he wanted $175 an acre for it. Pellan asked if he would trade farms, and he agreed to come over the next day and see Pellan's farm, which he did. After looking it all over, they went in the house and Pellan testifies he said to Hayek: "I told him I guarantee my land he can plow every foot of land, that he can plow every piece of the land except those ditches, if he can work them up he can raise a crop too, and he told me that his farm is the best land on the bottom river, that if anybody raise a crop he get a crop, that he guarantee a crop every year. * * * He said he was giving too cheap, that that land is worth more than $175."

Hayek testified that the Pellans with their grown boys moved on the Hayek land in March, 1929, one year after they had bought it; that they at once began to farm and use the land; that the spring they moved on they took steps to prevent further washing or erosion of the land; that they paid interest on the mortgage given for the balance between the farms in 1930 and in 1931, but in 1932 they did not pay the interest, but gave a chattel mortgage to secure the payment. In 1934, six years after they purchased the land, and five years after they had lived upon it and farmed it, and after the petition for foreclosure was filed, Cyril Pellan for the first time claimed that he had been defrauded.

Nearly two days of the trial in the district court were spent with a soil expert showing in detail the depth of the soil, the kind of soil, the depth to water and gravel, and the opinion of the expert on the productivity of such land, but counsel for Hayek claims that there is no record in evidence of any statements or representations ever made by Mr. Hayek in reference to the soil or its depth or quality.

Mr. Hayek did not appeal from the court's finding of a shortage of only 18 acres, considering five acres of an island which Hayek had included in his deed. There appears to be no dispute that the Pellans had farmed this land for five years and made no claim of fraud until after they applied for a Federal Land Bank loan and found they could not borrow enough on the land to pay out the mortgage in full. The admitted statement made by Mr. Hayek at the time the deal was closed was that his land was worth $175 an acre. He did not say it could be sold on the market for that; he merely, as his counsel says, expressed his own belief and opinion that it was worth $175 an acre, and it is insisted that the statement at the time it was made was substantially correct. The two farms were about 18 miles apart. The Pellans visited the Hayek farm twice, and took with them a neighbor who lived near the Hayek farm, and had every opportunity to examine it and to inquire about its value.

Many Nebraska cases are cited in the brief of defendant covering fraudulent sales of every sort, such as cattle with pink-eye, fake stocks of goods, a stallion falsely represented as registered in France as a Percheron, when it was not imported, but raised in the United States, several cases involving sales of land which the buyer did not examine personally, but relied upon the representations of the seller, also cases involving frauds in sales of bonds and notes. However, while each case is interesting, yet they are not especially helpful when applied to the facts in the case at bar.

This court has held that a statement as to value is deemed a mere expression of opinion unless the buyer is

a nonresident, or is induced not to make inquiry, or is prevented by fraud or device from inspecting the property. In this case the buyer had every opportunity to examine the farm in Hayek's absence, and had one year's time to ascertain every fact in relation to it before he moved onto the farm.

Representations of fair market value of the land per acre have been generally regarded as mere opinions, or seller's statements, and when made to the buyer, who is himself a farmer, and who had examined the land in the absence of the seller, are held not to constitute actionable fraud. *Dresher v. Becker,* 88 Neb. 619, 130 N. W. 275; *Musgrove v. Eskilsen,* 127 Neb. 730, 256 N. W. 883.

Pellan, the buyer, had been a farmer all his life. There was no fiduciary relation existing between the parties in any way. Pellan came to Hayek in his bank, saying he had heard about the farm, and wished to get a stock farm with more acreage than the one he had. Pellan then bought the place, and lived on and operated it for five years, and never, so far as the record shows, made one word of complaint until he was unable to refinance the loan and foreclosure was started.

The trial court found that the evidence failed to show a misrepresentation by the seller of material facts about the soil, and that the statements were mere expressions of opinion, and this has been held not to be a basis of fraud. *McKibbin v. Day,* 71 Neb. 280, 98 N. W. 845; *Wustrack v. Hall,* 95 Neb. 384, 145 N. W. 835; *Realty Investment Co. v. Shafer,* 91 Neb. 798, 137 N. W. 873. In the last case it was stated that the defendant's own testimony shows that he was competent to determine for himself the character and condition of the land, that it was open to his observation, and the surface indications told their own story. In several cases it has been held that, where ordinary prudence would have prevented the deception, an action for fraud will not lie.

This court holds that, where representations as to the character and condition of the soil were mere expressions

of opinion of the seller, and the farm was carefully examined by the buyer, who was himself an experienced farmer, and the surface indications of this land abutting the Platte river told their own story, such representations do not constitute fraud under the facts in this case.

We find no error in the decree of the trial court, and the same is hereby

AFFIRMED.