C. J. RICHARDSON, APPELLEE, V. JENNIE OPELT, IM-
PLEADED WITH MISSOURI, KANSAS & TEXAS TRUST
COMPANY, APPELLANT.

FILED APRIL 18, 1900. No. 9,224.

1. **Parties to Action: CHRISTIAN NAME: INITIALS AND CONTRACTIONS: ACTION ON WRITTEN INSTRUMENT.** Ordinarily, all actions must be prosecuted and defended by the true names of the parties thereto, and not by the initials or a contraction of the first or Christian name or names. The rule, however, has its exception; and in actions upon promissory notes or other written instruments, whenever any of the parties thereto are designated by the initial letter or letters, or some contraction of the Christian or first name or names, it is sufficient to so designate such person, instead of stating the Christian or first name or names in full. Code of Civil Procedure, sec. 23.

2. **Foreclosure of Chattel Mortgage: DUPLICITY.** In a petition in equity for the foreclosure of a lien on personal property created by a chattel mortgage given to secure several promissory notes, and for a personal judgment in case of deficiency after the sale of the property mortgaged, but one cause of

Richardson v. Opelt.

action is stated, although different notes evidence the debt sought to be satisfied by the foreclosure proceedings.

3. **Plea in Abatement: PRIOR ACTION PENDING.** When the pendency of a prior suit is pleaded in abatement, the case must be the same, or it will not be sustained. There must be the same parties or such as represent the same interest; the same rights must be asserted and the same relief prayed for. This relief must be founded on the same facts, and the essential basis of the relief must be the same in both actions. As a general rule, where a judgment in a prior suit would be a bar to a judgment in the second suit brought in the same or another court of concurrent jurisdiction, the plea of other suit pending will be held good.

4. **Division of Action.** In every action, a party thereto seeking to enforce a claim, legal or equitable, must present to the court all the grounds upon which he expects judgment in his favor. He can not divide his demand and prosecute by different actions. This principle, however, does not extend so as to require distinct actions, each of which would authorize by itself independent relief to be prosecuted in a single suit, although they might be considered together.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Thomas Ryan*, for appellant, cited on separation of causes of action: *Schuyler Nat. Bank v. Bollong*, 24 Nebr., 821.

The pendency of a suit in a court having jurisdiction of the subject-matter and of the parties is a bar, during such pendency, to the commencement or maintenance of another suit between the parties to such prior action, or their assigns, to a second suit in relation to the same subject-matter. If the rights of any party be transferred to a third party pending such litigation, the assignee becomes the privy of his assignor and must come into the original action if he desires to assert or maintain his rights as a holder of the rights so acquired by and assigned to him. The plaintiff need not notice such transfer. *State v. North Lincoln Street R. Co.*, 34 Nebr., 634, 639; *Chase v. Miles*, 43 Nebr., 686; *Lincoln Rapid Transit Co. v. Rundle*, 34 Nebr., 564; *Holsworth v. O'Chander*, 49 Nebr., 42; *Wales*

*v. Jones*, 1 Mich., 254; *Bond v. White*, 24 Kan., 45; *Gamsby v. Ray*, 52 N. H., 513; *Rogers v. Hoskins*, 15 Ga., 270; *Thomas v. Freelon*, 17 Vt., 138.

*C. A. Atkinson* and *Talbot & Allen, contra:*

In order that the pendency of a suit may be set up to defeat another, the case must be the same, with the same parties, the same rights asserted, the same relief demanded, founded upon the same facts and the basis of relief the same. *The Haytian Republic*, 154 U. S., 118. This decision clearly sets forth the law and is supported by the following authorities, among many others that might be cited: *Watson v. Jones*, 13 Wall. [U. S.], 679; *McReady v. Rogers*, 1 Nebr., 124; *Secor v. Sturgis*, 16 N. Y., 548; *Marsh v. Masterton*, 101 N. Y., 548; *Sanderson v. Peabody*, 58 N. H., 116; *People v. Seneca Lake Grape & Wine Co.*, 52 Hun [N.Y.], 174; *Spence v. Insurance Co.*, 40 Ohio St., 517; Story, Equity Pleading, secs. 737-739; *Osborn v. Cloud*, 23 Ia., 104.

HOLCOMB, J.

The plaintiff, appellee, began an equitable action in the lower court, the object and purpose of which were to foreclose a chattel mortgage executed by appellant, Jennie Opelt, upon a varied assortment of hotel furniture used in the Hotel Windsor, in the city of Lincoln, and which mortgage was given to secure several promissory notes, aggregating the principal sum of $2,400. The petition alleged, in substance, the making of the said notes, and the mortgage to secure the same, and that said notes were given to one F. G. Richardson and indorsed to Clara M. Richardson, and by her indorsed to the plaintiff, who, it is alleged, is the *bona fide* holder and owner thereof for value. The assignment of the mortgage to the indorsees of the notes is also pleaded. There is a prayer for an accounting, and that the goods so mortgaged be sold to satisfy the amount found due, and for judgment against the maker in case of deficiency. By supplemental pleadings, the appellant, the Missouri,

Kansas & Texas Trust Company, was brought into the case as defendant, it appearing that this corporation had or claimed to have some interest in the property mortgaged by virtue of a subsequent mortgage given by the defendant Opelt, covering the same property as the first mortgage. The two defendants joined their interests and each interposed substantially the same defense.

A motion was made to require the plaintiff to set out his name in full, and the overruling of this motion is assigned as a cause of complaint. It appears from the pleadings that the action is founded on the notes and mortgage mentioned, and that in the indorsement of the notes and in the assignment of the mortgage to the plaintiff, it was by his initials, as C. J. Richardson, and not his full given name. We are of the opinion that the plaintiff brought himself within the exception to the general rule requiring actions to be prosecuted and defended by the true names of the parties thereto. Section 23 of the Code of Civil Procedure provides that "in all actions * * * upon promissory notes, or other written instruments, whenever any of the parties thereto are designated by the initial letter or letters, or some contraction of the Christian or first name or names, it shall be sufficient to designate such person by the name, initial letter or letters, or contraction of the first name or names, instead of stating the Christian or first name or names in full." The objection to the name by which plaintiff prosecutes his action, being manifestly without merit, need not further be considered.

It is also urged that the plaintiff should be required to separately state and number his alleged several causes of action. We think this objection is also without merit. The action was, in the main, brought to foreclose the chattel mortgage mentioned. The cause of action arises from the breach of the conditions of the mortgage. It is the failure of the mortgagor to meet these conditions which gives rise to a cause of action. The notes are merely evidence of the indebtedness. They are the form

in which the indebtedness appears, and which the mortgage secures. The action is not based primarily upon the notes as separate contracts, but upon the mortgage and the debt secured thereby in its entirety. But one cause of action is stated in the petition and the contention of appellant to the contrary can not be sustained.

The only real and substantial point of controversy in the case, however, as we view it, is the third objection by appellants, which we now give attention. Both defendants pleaded in their answers, as cause for abatement of plaintiff's action, a prior suit, pending between the same parties and regarding the same subject-matter. As to the plea in abatement, both answers allege in substance that the defendant trust company, prior to the bringing of the present action, commenced an action in the same court against the defendant Opelt, and one F. G. Richardson and Clara M. Richardson, mentioned in the pleadings, in which action summons was served on all the defendants, and by motions and otherwise they appeared in such case, and that the court acquired jurisdiction over them and of the subject-matter of said action, which it is alleged was and is still pending and undetermined; that in said action, the defendant trust company, while the legal title to the notes and mortgage sued on by the plaintiff was vested in and held by said Clara M. Richardson, began its action, in which it claimed to have a superior mortgage on the same property, and asked that enforcement and collection of plaintiff's mortgage be enjoined, and that the holder of the legal title be enjoined from proceeding to collect and enforce the same against the property therein, and in the trust company's petition, described, and that a restraining order was issued accordingly; that the trust company also in said action alleged that it was the owner and holder of a certain mortgage upon the same property, and that such allegation was one of the principal issues in said case. It is also alleged that the F. G. Richardson mentioned, procured from the

defendant, Jennie Opelt, four certain promissory notes and indorsed them to the trust company as collateral security for the sum of $3,500, and that said notes were secured by a chattel mortgage made by the said Opelt to the said F. G. Richardson, which was assigned to the trust company, and covered all of the property described and alleged to be covered by plaintiff's mortgage, and that such mortgage is a prior lien to that of the plaintiff's lien. The plea in abatement sets forth with much particularity and detail, the nature, substance and subject-matter, as well as the proceedings had in the former suit. Without further quoting from the same, we will assume for the purpose of the present inquiry that the plea is proper in form, and, if supported by the evidence, should be sustained. By reference to the pleadings in the former suit, which are preserved as evidence in the bill of exceptions, it appears that the defendant trust company held a second mortgage of near $5,000 on the real property known as the Windsor hotel, heretofore mentioned; that the owner thereof, one Barnes, had leased the premises for a term of years at a monthly rental of something over $400 to the F. G. Richardson mentioned, and that after the making of said lease, the lessor Barnes assigned the same to the trust company as collateral security for its indebtedness against Barnes, secured by a second mortgage as hereinbefore stated. In time, the lessee Richardson sublets or re-leases the hotel property to the appellant Opelt, who assumes the conditions, terms and agreements of the original lease, and at the same time the said Richardson sells the hotel furniture and fixtures to his lessee Opelt, taking in payment therefor notes and a mortgage on the property sold, and which are the subject-matter of the action to foreclose by plaintiff in the present suit. Something over a year after the sale of the chattel property mentioned and the mortgage thereon to secure the purchase price, appellant Opelt gave a second mortgage on the same property to secure four notes, aggregating about $1,200, and which seem to have grown

out of the varied and numerous transactions between
the parties. The rentals due under the original lease
held by the trust company were in arrears, and the second
chattel mortgage given by defendant Opelt to F. G. Rich-
ardson, and the notes secured thereby, were assigned as
collateral security by the said Richardson, who was liable
as the original lessee for the amounts accruing under the
lease. The amount due under the second mortgage
and the lease rentals held as additional security, had
assumed large proportions at the time the defendant
trust company began the suit which is pleaded in abate-
ment of the present action. In the first suit, the trust.
company, as plaintiff, narrated in detail the transactions
above briefly referred to, alleged the insolvency of Rich-
ardson and Opelt, the transfer of the first mortgage, and
the notes secured thereby, to Clara M. Richardson, who,
it is alleged, is the daughter of F. G. Richardson, and that
such transfer was colorable only, and for the purpose of
defrauding the plaintiff in that suit, and depriving it of
its lien on the chattel property by virtue of the second
mortgage, and prayed "that an injunction issue, restrain-
ing the sale of said property described in said first named
chattel mortgage or the taking of said property under
said chattel mortgage for the purposes of foreclosure,
that the assignment thereof from said Frederick G. Rich-
ardson to his daughter, Clara M. Richardson, be declared
null and void, and that it be set aside and held for
naught; that an accounting be taken of the amount yet
due from the said Frederick G. Richardson to plaintiff
and judgment therefor; that the lien of the first of said
chattel mortgages be declared junior and inferior to the
lien of the plaintiff, and that the amount found due on the
said chattel mortgage No. 59,710 [the second mortgage],
be declared a first lien on said chattel property; that it
be declared in full force and effect, valid and subsisting,
and that on the final hearing of this case the injunction
be declared and decreed perpetual," etc.

Both defendants appeared in the case by motion and

otherwise.  The defendant F. G. Richardson answered
to the merits, and the defendant Clara M. Richardson
answered by alleging that she had sold and transferred
the notes and mortgage sought to be affected, and dis-
claimed further interest in the action.  It appears, how-
ever, that the transfer was made *pendente lite*, and we are
disposed to the view that the plaintiff in this action, al-
though a non-resident of the state, is in privity with his
grantor Clara M. Richardson, and succeeds only to such
rights as she then held, and would be bound to the same
extent by the proceedings had in the first action.  How-
ever, we do not here deem it necessary to, nor do we, de-
cide that point.  In view of the two suits thus begun, can
the first case be successfully pleaded in abatement of the
present action?  It is to be noted that the principal issue
involved and the matter sought to be litigated in the prior
suit, is for an accounting and personal judgment against
F. G. Richardson, the original lessee of the hotel, in favor
of plaintiff as assignee of the contract of lease.  It is true
that an attempt is made to allege equitable grounds for
subordinating the first mortgage on the furniture and
fixtures to the second mortgage on the same property,
held by the trust company, as collateral security.  Upon
what legal principle this is sought to be accomplished is
not made clear by the pleadings, but we are not now
specially interested in this phase of the question, and
pass it by.  At most, all that can be said is, that the issue
was sought to be raised as to priority of the two mort-
gages.  No attempt was made by the plaintiff to recover
judgment on the indebtedness secured by its second mort-
gage, or have the property therein mentioned sold to
satisfy the same.  In fact, it was alleged in the petition
in equity, and urged as a cause for a proceeding in injunc-
tion, that to take the property under either of the mort-
gages would destroy and render valueless plaintiff's
interest in the lease held by it, by stripping the hotel of
its furnishings and fixtures, for which the real property
was being used.

It is said by Justice NORVAL, writing the opinion in the case of *State v. North Lincoln Street R. Co.*, 34 Nebr., 634, 637: "It may be safely stated that, as a general rule, the pendency of a former action between the same parties may be shown in abatement, where a judgment in such suit would be a bar to a judgment in the second suit brought in another court of concurrent jurisdiction." A judgment in the first action now under consideration could scarcely operate as a bar or preclude a judgment in the second suit. The latter suit has nothing to do with the lease which is the basis of the first action. The utmost that could be determined in that action under the pleadings presented by the plaintiff's petition, and the relief asked, would be the adjudication of the priority of the two chattel mortgages therein described, and leave to the respective parties the enforcement of their demands thereunder by resorting to such proceedings as they might see proper to institute in a separate action in the future.

In *Watson v. Jones*, 13 Wall. [U. S.], 679, 715, Mr. Justice Miller, speaking for the court, says: "When the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or at least such as represent the same interest; there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same." It is also held, "that the true test of the sufficiency of a plea of 'other suit pending' in another forum was the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *The Haytian Republic*, 154 U. S., 118, 124. Applying the test thus given, it is quite apparent that "the thing adjudged" in the first suit would have no legal efficacy in determining the amount the plaintiff in the second suit would be entitled to, or his right to foreclosure of his lien and a sale of the property mortgaged to satisfy the debt. The two actions are

obviously different in subject-matter, and each is independent of the other.  See also *McReady v. Rogers*, 1 Nebr., 124; *Wilch v. Phelps*, 16 Nebr., 515; *Morgan v. Mitchell*, 52 Nebr., 667.

It is contended by appellant that all matters in relation to the first mortgage could and should have been litigated in the first suit, and because of the failure of the defendant so to litigate her rights under her mortgage, she and her assignee are now estopped from further litigating such rights.  It is very true that the defendant was in a position to have tendered an issue which would have fully determined her rights under the mortgage, but we do not think her failure so to do would warrant the conclusion that she, or those in privity with her by virtue of the assignment, should now be considered as having adjudicated all of the rights held by them under the mortgage.  Their right to an action at law or in equity was independent of any of the issues raised in the first suit, and is in nowise dependent on a final determination therein.  In *Stark v. Starr*, 94 U. S., 477, 485, the rule is stated as follows: "It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor.  He is not at liberty to split up his demand and prosecute it by piece-meal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.  There would be no end to litigation if such a practice were permissible.  But this principle does not require distinct causes of action,—that is to say, distinct matters,—each of which would authorize by itself independent relief, to be presented in a single suit, though they exist at the same time and might be considered together."

Another test that is frequently given for the purpose of determining the question is whether the evidence necessary to prove one cause of action would establish the other.

.Applying either of the rules above given, the plaintiff is not precluded from prosecuting to final judgment his cause of action in the case at bar for a foreclosure of his mortgage lien and a judgment for any deficiency remaining after sale of the property mortgaged.

It follows from what has been said that the judgment of the lower court is in conformity with law and should be

AFFIRMED.