GERTRUDE D. REED, APPELLEE, V. THEODORE F. BARNES ET
AL., APPELLANTS.

FILED APRIL 16, 1925. No. 23086.

1. **Limitations of Actions: PLEA IN AVOIDANCE.** In order to avoid
the statute of limitations in a suit to set aside a deed for fraud,
the plaintiff must aver and prove the impediments to an earlier
prosecution of the claim, all facts which relate to or explain
a failure to prosecute, and when he, or those through whom he
claims, first obtained knowledge of the matters alleged as an
excuse for the failure to prosecute.

2. **Fraudulent Conveyances: BONA FIDE PURCHASER.** A son who,
without knowledge of other obligations of his father, accepts
a conveyance of real estate formerly owned by his father, and
in which the father, up to the time of the conveyance, claimed
an equitable interest, and who, as the consideration for the
conveyance, pays the debts of the father with which the real
estate conveyed then stands charged, by giving his own personal
notes secured by mortgage upon the real estate conveyed, the
amount of such notes being the full value of the property con-
veyed, in the absence of other circumstances tending to show
fraud, is a good faith purchaser for value.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Reversed and dismissed.*

*Grant G. Martin,* for appellants.

*Hall, Baird & Williams* and *R. H. Hagelin, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON
and EVANS, JJ.

EVANS, J.

This is an action in the nature of a creditor's bill seeking
to subject 678 acres of land, situated in Lancaster county,
the title to which is now standing in the name of Lafayette
P. Barnes, to the payment of three judgments against Theo-
dore F. Barnes, aggregating about $2,200, and the interest
thereon and costs. The judgments were transcripted to the
district court for Lancaster county. Having become dor-
mant they were revived. After the revivor, execution was
issued thereon and "returned wholly unsatisfied." The

judgments were each assigned to the plaintiff prior to the commencement of this action for the purpose of collection. The petition, after setting forth the foregoing as to the judgments, alleges that the defendant Theodore F. Barnes is the equitable owner of the real estate sought to be charged, and that a certain deed from Edward G. Titus to Lafayette P. Barnes conveying the real estate in question was without consideration and for the purpose of hindering and defrauding the plaintiff (Gertrude D. Reed) and her assignors and other creditors of Theodore F. Barnes, as said "Lafayette P. Barnes then well knew;" that Theodore F. Barnes is the father of Lafayette P. Barnes. The defendants Theodore F. Barnes and Lafayette P. Barnes in their answer deny all allegations in the petition not expressly admitted, but admit that up to 1916 Theodore F. Barnes was the owner of the real estate involved; that on January 4, 1906, he conveyed the premises to Edward G. Titus subject to an existing incumbrance amounting to $20,000 and to secure the additional sum of $6,000 owed by Theodore F. Barnes to Titus; that while the deed to Titus was absolute in form it was, in fact, a mortgage; that in 1916 Edward G. Titus conveyed the premises to Lafayette P. Barnes, the consideration therefor being the assumption by Lafayette P. Barnes of the $20,000 incumbrance above referred to, and a second mortgage of $10,000, which was made up of $8,500 due to Titus, $1,000 due to W. E. Barkley from Theodore F. Barnes, and $500 commission for the negotiation of the two mortgage loans, the first for $20,000 and the second for $10,000; that this consideration was paid and the agreement carried into effect by the execution of the notes and mortgage of Lafayette P. Barnes and wife for the respective amounts, the $20,000 note and mortgage running to the Lincoln Safe Deposit Company, paying off the prior mortgage for that sum, and the $10,000 note and mortgage being a second lien and running to J. M. Hayes; that the delivery of the deed from Titus to Lafayette P. Barnes and the execution and delivery of the notes and mortgage by Lafayette P. Barnes to the holders of said indebtedness

were concurrent; that Lafayette P. Barnes, at the time he
purchased and assumed the ownership of said premises and
gave the notes and mortgages above described, did not know
that the defendant Theodore F. Barnes was indebted to the
persons from whom the plaintiff holds as assignee and did
not know of the existence of the judgments above described.
The defendants also plead the statute of limitations. There
is no reply on file, but the case was tried as if the allega-
tions of the answer, as to the *bona fides* of the conveyance to
Lafayette P. Barnes, were denied. The Lincoln Safe De-
posit Company and Harry B. Grainger and Joseph Grain-
ger, by permission of the court, intervene in the action.
The Lincoln Safe Deposit Company is the mortgagor and
owner of the first mortgage for $20,000. Harry B. Grain-
ger and Joseph Grainger, as assignees of J. M. Hayes, are
the owners and assignees of the second mortgage for
$10,000. The petitions in intervention are not included in the
transcript. The decree of the district court finds the two
mortgages as first and second liens, respectively, and, sub-
ject to these incumbrances, decrees that Theodore F. Barnes
since November 6, 1916, has at all times been the equitable
owner of the real estate, and that Lafayette P. Barnes holds
the legal title in trust for Theodore F. Barnes, and orders
within 20 days that Lafayette P. Barnes execute and deliver
to Theodore F. Barnes a deed to all of said real estate, and
that Theodore F. Barnes, upon the delivery, record the same
in the office of the register of deeds of Lancaster county,
and, in default of such conveyance and record, provides that
the decree shall stand in lieu thereof; that the judgments
are held to be liens upon said real estate, and in default of
payment thereof the sheriff is directed to proceed as upon
execution to sell the real estate subject to the mortgage liens
and bring the proceeds to be applied in the satisfaction of the
judgment. From this decree defendants appeal.

There is set up as a defense the fact that Theodore F.
Barnes has been adjudged a bankrupt; that these judg-
ments were listed among his liabilities; but, as the petition
in this case was filed more than four months before the dis-

Reed v. Barnes.

charge in bankruptcy, it will be considered as unaffected thereby.

There are a number of transactions antedating the deed which is attacked in plaintiff's petition, and as to which proof was offered, which cannot affect the facts upon which the decision in this case must rest and they will not therefore receive further comment.

The deed sought to be set aside is dated January 24, 1916. It was recorded on November 6, 1916. The petition was filed in this case on August 9, 1921, more than four years after the record of the deed. The defendants in their answer plead the statute of limitations. The plaintiff neither by plea nor proof attempts to avoid the effect of the statute, and under the rule heretofore announced by this court the plaintiff must fail in this action. Where the statute of limitations is pleaded, the plaintiff, to avoid the effect thereof, must aver and prove that the fraud was not discovered immediately and the right to sue did not accrue at once, but this will not be presumed: The burden is upon the plaintiff to make it appear by proper averment. *Newman Grove State Bank v. Linderholm*, 68 Neb. 364; *Weckerly v. Taylor*, 74 Neb. 84; *Westervelt v. Filter*, 2 Neb. (Unof.) 731; *State Bank of Pender v. Frey*, 3 Neb. (Unof.) 83. A reading of the record discloses that at the time of the conveyance complained of these judgments were dormant; that no one was seeking to enforce them; that the grantee made the existing incumbrances, and additional indebtedness of his father's, his, the grantee's, personal obligation; that the consideration stated in the deed was, even at the time of the trial, the full value of the land; that the grantee had no knowledge of the existence of the judgments or other indebtedness of his father and codefendant Theodore F. Barnes; and that the conveyance was a good faith transaction without fraudulent intent on the part of the grantee and for full value. The decree of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

Note—See Fraudulent Conveyances, 27 C. J. sec. 290.