BURDETTE S. JOHNSEN, APPELLEE, v. CHARLES L. PARKS, APPELLANT.

204 N. W. 2d 804

Filed March 2, 1973. No. 38663.

Christensen & Glynn and Richard L. Schmeling, for appellant.

Friedman & Berry, for appellee.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This was an action for damages for assault and battery. The plaintiff recovered judgment in the amount of $3,000 and the defendant appeals. The assignments of error relate only to the venue of the action.

The assault occurred in Saunders County, Nebraska, on February 6, 1971. On February 24, 1971, the plaintiff commenced an action in Saunders County. On or about April 1, 1971, the defendant moved to Lancaster County, Nebraska. On October 20, 1971, while the action in Saunders County was still pending, the plaintiff commenced this action in Lancaster County.

The defendant demurred to the petition on the ground that another action was pending between the same parties for the same cause in Saunders County. On November 19, 1971, the trial court ordered the demurrer sustained unless the action in Saunders County was dismissed within 7 days. Apparently, the plaintiff had filed a dismissal in the action in Saunders County on November 7, 1971.

On January 13, 1972, the defendant moved to transfer the action to Saunders County in accordance with sections 25-409 and 25-410, R. S. Supp., 1972. Section 25-409, R. S. Supp., 1972, permits the transfer of an action for tort that has been brought in the wrong county. Section 25-410, R. S. Supp., 1972, permits the transfer of a civil action "for the convenience of the parties and witnesses or in the interest of justice." This motion was overruled and the action proceeded to trial and judgment.

The defendant contends that the trial court erred in overruling the special demurrer and the motion to transfer.

A demurrer reaches only defects which appear on the face of the petition. § 25-806, R. R. S. 1943. Since it did not appear on the face of the petition that another action was pending between the same parties for the same cause, the special demurrer was properly overruled. Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874.

The record does not show that this action was commenced in the wrong county or that a transfer of the action to Saunders County was required for the convenience of the parties and witnesses or in the interest of justice. Where the record does not show an abuse of discretion, the ruling on a motion to transfer under section 25-410, R. S. Supp., 1972, will not be disturbed.

The judgment of the district court is affirmed.

AFFIRMED.