239 N.W.2d 505 (1976)
195 Neb. 590
NATIONAL BANK OF COMMERCE TRUST AND SAVINGS ASSOCIATION, LINCOLN, Nebraska, a corporation, Appellee,
v.
Daniel L. SHULL et al., Appellants.
No. 40271.
Supreme Court of Nebraska.
March 11, 1976.
*506 Friedman & Berry, Lincoln, for appellants.
Mattson, Ricketts, Davies, Stewart & Calkins, Lincoln, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
SPENCER, Justice.
Appellants-defendants, Daniel L. Shull and Joan C. Shull, appeal from the overruling of their plea in abatement and the entry of a decree of foreclosure. We affirm.
On December 18, 1968, defendants Shull executed a note and mortgage to National Bank of Commerce Trust & Savings Association (NBC) on certain realty. The note provided for monthly payments of $263.57. On August 19, 1974, the Shulls borrowed $57,000 on an unsecured promissory note from NBC to purchase securities on margin from Dain, Kalman & Quail, Inc. Defendants refused to pay the $57,000 note, alleging violations of the Securities Exchange Commission Act of 1934. In December of 1974, NBC applied the balance of the Shull checking account at the bank, in the amount of $6,832.50, toward the payment of the $57,000 promissory note. The bank then sued Shulls for the balance due. That litigation is still pending.
In March of 1975, NBC filed this foreclosure action. Shulls answered, and filed a plea in abatement. Shulls claimed part of the sum seized by the bank from their checking account should have been applied to the mortgage note rather than to the allegedly void notes of August 19, 1974. Their plea requested the abatement of the foreclosure action pending the resolution of NBC's action on the $57,000 note. The trial court overruled the plea and rendered a decree of foreclosure.
Subsequent to the execution of the note and mortgage, the Shulls conveyed title to the real estate involved in this foreclosure to a William McDonald. The tenant in possession of the real estate, Judy L. Wright, was made a party in the foreclosure. The action on the allegedly void note involved only NBC and the Shulls. It is a separate and distinct transaction from the note and security involved herein.
There is no merit to defendants' contention. Our law is well settled. In Richardson v. Opelt (1900), 60 Neb. 180, 82 N.W. 377, this court held: "When the pendency of a prior suit is pleaded in abatement, the case must be the same, or it will not be sustained. There must be the same parties or such as represent the same interest; the same rights must be asserted and the same relief prayed for. This relief must be founded on the same facts, and the essential basis of the relief must be the same in both actions. As a general rule, where a judgment in a prior suit would be a bar to a judgment in the second suit brought in the same or another court of concurrent jurisdiction, the plea of other suit pending will be held good."
*507 Defendants, to avoid the effect of the above rule, cite Kehr v. Kehr (1962), 173 Neb. 532, 114 N.W.2d 26, 6 A.L.R.3d 463, in which we held: "It is the general rule that the commencement of a second suit for the same cause of action cannot be pleaded in abatement of the first suit."
Kehr involved a totally different state of facts. There, a plaintiff wife filed suit to partition jointly owned farm land. Subsequently she filed for a limited divorce from bed and board in which she prayed for a determination of the property rights of the parties. Thereafter, the husband filed a plea in abatement in the partition action which the trial court sustained on the ground that full justice between the parties could be completely accomplished in the divorce action since it involved all the property rights of the parties, including the farm land. There, the identical land was involved in both suits and it was the prior and not the subsequent suit that was abated.
In Kehr, on the wife's appeal, we affirmed the judgment of the trial court, stating: "Plaintiff contends that the filing of a plea in abatement to avoid a multiplicity of suits should be directed at the second suit filed and not to the first one as in the present case. It is the general rule that the commencement of another suit for the same cause of action cannot be pleaded in abatement of the original suit. * * * There is, however, a recognized exception to the general rule where the subsequent suit embraces more as to the subject matter than the first suit as in the case at bar. The suit for divorce from bed and board contains issues in addition to its prayer for a division of the property. In such a case the court may with propriety dismiss the prior suit and permit the plaintiff to proceed in the second suit."
Kehr, however, has no applicability here. The two suits do not involve the same cause of action. The mortgage being foreclosed in the present action bears no relation to the unsecured notes involved in the previous case. The causes of action are different; the essential basis for relief in the two suits is not the same; and different parties are involved.
Courts generally have held the tests for determining the identity of causes of action in two suits are whether the same full and adequate relief can be obtained in the first action as in the one sought to be abated. This court applied the test stated above in Richardson v. Opelt, supra. As a general rule, where a judgment in the prior suit would be a bar to a judgment in the second suit brought in the same or another court of concurrent jurisdiction, the plea in abatement should be sustained. That is not the present situation.
The trial court was correct in overruling defendants' plea in abatement and in entering a decree of foreclosure. A plea in abatement is a dilatory and technical plea. It is not, as a rule, favored by the courts. Generally, it will not be sustained unless the party interposing it can clearly show he is within the reason for its enforcement.
The judgment of the trial court is affirmed.
AFFIRMED.