ROBERT R. LEE ET AL., APPELLANTS, V. ALYCE BRODBECK, A SINGLE WOMAN, DOING BUSINESS AS ACTION AGENCY, APPELLEE.

243 N. W. 2d 331

Filed June 30, 1976. No. 40301.

G. J. Beal of Beal & Jensen, for appellants.

Murphy, Pedersen & Piccolo and LeRoy Anderson, for appellee.

Heard before SPENCER, McCOWN, and BRODKEY, JJ., and MURPHY and COADY, District Judges.

COADY, District Judge.

The plaintiffs, Robert R. Lee and Myrna I. Lee, hus-

band and wife, sued the defendant, Alyce Brodbeck, who was a real estate broker doing business in and around North Platte under the name and style of Action Agency. The defendant filed a general demurrer in response to plaintiffs' petition which was sustained by the trial court. Within the time provided by the trial court, plaintiffs filed a second and amended petition to which defendant again filed a written general demurrer. Upon hearing, the trial court again sustained the demurrer and dismissed plaintiffs' action. Plaintiffs appeal.

A general demurrer tests the substantive legal rights of the parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from the facts which are pleaded. A petition is sufficient if from the statement of facts set forth therein the law entitles the plaintiff to recover. Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717 (1956).

Plaintiffs are residents of Sheridan County, Nebraska. On or about April 29, 1968, Mr. Lee inherited a 336-acre farm from his father. After the father's death, plaintiffs maintained and operated the farm which was in Chase County free and clear of liens and encumbrances.

Mr. Lee contacted the defendant in the spring of 1969 and was told that Mr. Frimann's farm was for sale. Late in May 1969, Mr. Lee and Alyce Brodbeck went to inspect the Frimann farm which consisted of 455 acres in Sheridan County and 640 acres of pasture in Dawes County. The defendant, at the time, was acting as Mr. Frimann's agent.

Plaintiffs were inexperienced in matters of buying and selling real estate, including the financing thereof. When they expressed an interest in the Frimann land, defendant told them they could borrow on their Chase County farm and use the proceeds to make a downpayment. She also told them that she would have no difficulty in selling their farm and that it would not be difficult to sell it for $63,000. On June 27, 1969, some agreement to purchase the Frimann farm was made and

plaintiffs deposited $1,104.05 with defendant as earnest money. On or about September 9, 1969, plaintiffs accompanied defendant to the North Platte State Bank where plaintiffs executed a "short term" note and mortgage for $25,000 after being assured again that there would be no problem in selling the Chase County farm for $63,000. At about the same time, plaintiffs listed their Chase County farm with defendant for sale.

Mr. Lee, as buyer, signed a written agreement with Mr. Frimann, as seller, and the Guardian State Bank of Alliance, as escrow agent, to purchase the Frimann farm. The contract, dated December 15, 1969, provided that the purchase price was $133,000 payable by a downpayment of $37,570 with the balance due in yearly installments beginning December 1, 1970. The contract indicated that the downpayment would consist of $1,104.05 earnest money and $25,000 loan proceeds in the possession of defendant plus an additional $11,465.95 to be paid by plaintiffs on or about March 1, 1970. In addition, the contract provided that Frimann would deposit a good and sufficient warranty deed with the escrow agent and assure plaintiffs fee simple title free and clear of all liens and encumbrances except certain stated encumbrances not pertinent to this appeal. The seller was to provide the buyer with an abstract of title for approval 14 days before closing on March 1, 1970.

On March 4, 1970, the defendant loaned plaintiffs $11,465.95 so that the total downpayment called for in the contract could be made. Sometime thereafter, the North Platte State Bank foreclosed on the Chase County farm and on June 12, 1972, the District Court for said county confirmed the sale thereof to defendant for the approximate sum of $34,000. Mr. Frimann foreclosed thereafter on the farm located in Sheridan and Dawes Counties and the Dawes County portion was sold off. Finally, the First National Bank in Hay Springs foreclosed and sold out plaintiff's personalty.

The allegations set forth herein have been treated as

facts and are summarized from the amended petition since the allegations therein consist of 15 typewritten and legal size pages. It should be pointed out that the petition makes no complaint about the purchase price of the Frimann farm. It should also be pointed out that the value of the Chase County farm was fixed by the apparent failure of plaintiffs to appeal the District Court's confirmation of the foreclosure sale. Because the sale price equals the fair market value, plaintiffs have pleaded no damages caused by negligence in the sale of the Chase County farm. The allegations concerning the alleged area of high hail incidence and the discovery of a construction lien on the Frimann farm are immaterial. Hail, or the incidence thereof, is not connected to plaintiffs' complaints and damages in any way. Plaintiffs had a contractual remedy in regard to unpaid liens and the reasonable inference is that such liens were accounted for in the foreclosure action initiated by Mr. Frimann. After searching the contents of the amended petition, we find no cause of action on the theory of negligence but do find a cause of action pleaded on the theory of fraud. The defendant cites a 1969 opinion, Transportation Equipment Rentals, Inc. v. Mauk, 184 Neb. 309, 167 N. W. 2d 183, as setting forth the elements of fraud and we find that each and every element therein mentioned is well pleaded in the amended petition.

Plaintiffs allege that the defendant promised and assured them that there would be no difficulty in selling the Chase County farm for $63,000. In most circumstances, such a statement might well be thought of as a mere expression of opinion. Representations of fair market value of farm land made to a buyer who is himself a farmer and who has examined the land in the absence of the seller have been held not to constitute actionable fraud. Kucera v. Pellan, 132 Neb. 739, 273 N. W. 10 (1937). A representation must concern a known, existing fact and cannot be a mere promise to

be performed in the future. Wegner v. West, 169 Neb. 546, 100 N. W. 2d 542 (1960).

Anyone who makes an extensive study of the laws in America concerning the art of selling or puffing, as it is often known, may be led to believe that by tradition, one person may never rely on a small lie made by another in certain business transactions. However, we think it clear that there is not any question about this fact situation. A real estate broker who fails to disclose to his principal every material fact in a transaction which is the subject matter of the agency is guilty of fraud and bad faith. Gillespie v. State Real Estate Commission, 172 Neb. 308, 109 N. W. 2d 305 (1961). Where the pleadings indicate that such statements were made by the plaintiffs' agent at or about the time that plaintiffs' property was listed with the agent to induce or facilitate the sale of property belonging to another principal, we have no difficulty in finding that such statements may be representations of a known, existing fact and that the agent has a duty to disclose that such statements are made without knowledge or are known to be false.

The defendant argues that plaintiffs' pleading is subject to a statute of limitations and has outlawed. An action for negligence must be brought within 4 years and an action for fraud must be brought within 4 years after the discovery of the fraud. § 25-207, R. R. S. 1943. An action for relief on the ground of fraud must be commenced within 4 years after the discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery. If the fraud or mistake ought to have been discovered, the statute will run from the time such discovery ought to have been made. Burchmore v. Byllesby & Co., 140 Neb. 603, 1 N. W. 2d 327 (1941). To avoid the statute of limitations for fraud, plaintiff must plead and prove the impediments to an earlier prosecution of the claim,

all facts which relate to or explain the failure to prosecute, and when he first obtained knowledge of the fraud. Reed v. Barnes, 113 Neb. 414, 203 N. W. 567 (1925). So far as we know, our court has indicated many times that one must plead facts indicating an excuse for avoiding the fraud limitations but has not directly so held on a general demurrer to a petition.

Plaintiffs set forth in their amended petition that they did not discover the fraud until the sale of the Chase County farm was confirmed by the court on June 12, 1972. Their pleading and theory is that they were lulled into a false sense of security when defendant loaned plaintiffs the money to complete the downpayment on March 4, 1970. The purpose of pleadings is to frame the issues upon which the case is to be tried and to advise the adversary what he is called upon to meet. Johnson v. Ruhl, *supra*. We do not suggest that plaintiffs will have a case left once they are forced to plead or acknowledge the date upon which they were served notice of the Chase County foreclosure, to plead or acknowledge the date of the actual sale in said action, to plead or acknowledge what the petition drafter meant by a "short term loan," or to plead or acknowledge other facts which defendant may be able to raise. We find that the allegations contained in the petition are sufficient to defeat a general demurrer to a cause of action grounded in the law of fraud.

REVERSED AND REMANDED.