ELLSWORTH A. CLYDE, ALSO KNOWN AS ELSWORTH CLYDE, ET AL., APPELLANTS, V. LLOYD BUCHFINCK, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF ELIZABETH K. EVANS, DECEASED, ET AL., APPELLEES.

ALVINA AVERY, APPELLANT, V. LLOYD BUCHFINCK, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF ELIZABETH K. EVANS, DECEASED, ET AL., APPELLEES.

254 N. W. 2d 393

Filed June 8, 1977. Nos. 40839, 40840.

Mingus & Mingus and Luebs, Tracy, Dowding, Beltzer & Leininger, for appellants.

Reddish, Curtiss & Moravek, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

These are appeals from District Court determinations in two separate cases, which have been consoli-

dated on appeal. In both cases plaintiffs sought to establish rights in personal and mixed property under a will. The District Court sustained demurrers to the petitions, and dismissed them without prejudice. Plaintiffs have appealed, contending that it was error to sustain the demurrers and dismiss the petitions; and that procedural irregularities occurred in regard to the disposition of the demurrers. We reverse and remand for further proceedings.

For the purpose of simplification and clarification, the two cases involved in this appeal will be referred to as "Clyde" and "Avery." Although both cases raise similar issues on appeal, there are differences between them, and we will, therefore, set out the facts in each case separately.

Plaintiffs and appellants in the Clyde case are five grandchildren of Alven Evans, who seek to establish rights in certain mixed and personal property under the will of Alven Evans, which was admitted to probate on June 10, 1940. At the time of his death, Alven Evans was survived by his wife, Elizabeth K., and five children, Darwin Evans, Alta Dykes, Zena Clyde, Emmerson Evans, and Tyndell Evans. Two of these children, Alta Dykes and Zena Clyde, died in 1946 and 1965 respectively, predeceasing their mother, Elizabeth K. Evans. The plaintiffs and appellants in this case are the five children of Zena Clyde.

Elizabeth K. Evans died in 1972, leaving a will which left her property to her children who survived her. Subsequently, Emmerson Evans and Tyndell Evans died in 1973. Both these children left heirs, who are defendants in this case. Lloyd Buchfinck, the current special administrator of the estate of Elizabeth K. Evans, and Leroy Evans, who was initially the administrator of that estate, are also named defendants, as were also Darwin Evans, the only living child of Alven and Elizabeth K. Evans, and Nedra Higgins, the daughter of Alta Dykes.

Subsequent to the death of Elizabeth K. Evans in 1972, plaintiffs filed a petition in the District Court for Grant County on August 6, 1974, alleging three causes of action. The petition sets forth the identity and relationship of the parties, and alleges that Alven Evans executed a will, which was admitted to probate in 1940. A copy of this will is attached to the petition, and made a part thereof.

In the first cause of action, plaintiffs allege that by virtue of the will of Alven Evans, Elizabeth K. Evans became "possessed of a life estate with the power of disposition for her personal use and enjoyment, for full and adequate valuable consideration, that any of said property remaining including accumulations therefrom, not disposed of for full, adequate valuable consideration by the said Elizabeth K. Evans, at the time of her death became the property of the five children" of Alven Evans. It is further alleged that all the personal and mixed property in the possession of Elizabeth K. Evans at the time of her death had belonged to Alven Evans at the time of his death, or constituted accumulations, therefrom. A list of this property is attached as an exhibit to the petition. Finally, in the first cause of action, the petition alleges that Lloyd Buchfinck, administrator of the estate of Elizabeth K. Evans, has refused to recognize the claim of the plaintiffs under the will of Alven Evans; has wrongfully disposed of some of the property by the wrongful payment of taxes; has refused to request any instruction from a court in regard to his duties; and has fraudulently conspired with others to deny the rights of the plaintiffs.

In the second and third causes of action, plaintiffs repeat most of the allegations of the first cause, and further allege that Elizabeth K. Evans, both prior to and subsequent to the execution of the will of Alven Evans, was fully informed that she was to take charge of the property of Alven Evans and run

his ranch; and that upon her death all that property and accumulations therefrom were to be divided among the five children of Alven and Elizabeth K. Evans, or among the heirs of those children. It is further alleged that Elizabeth K. Evans accepted this trust.

Plaintiffs pray that the District Court impose a trust upon the property described in the petition in favor of the plaintiffs and other owners of the property; that the administrator of the estate of Elizabeth K. Evans be ordered to account for all property coming into his hands; and that judgment be rendered against him for all property he had wrongfully disposed of.

On September 9, 1974, certain of the defendants filed a demurrer to the petition on the ground that it did not state a cause of action. Hearing was had on the demurrer on January 23, 1975, but no ruling thereon was made until December 18, 1975, on which date the District Court sustained the demurrer. Plaintiffs then filed a motion for new trial, moving to vacate the decision sustaining the demurrer. In their motion, plaintiffs contended that the sustaining of the demurrer was in effect a grant of summary judgment, which was improper; that the court erred in failing to set out the specific grounds upon which the demurrer was based; that the court erred in failing to allow plaintiffs to amend their pleadings; and that the decision to sustain the demurrer was contrary to the law and the evidence, and constituted an abuse of discretion on the part of the trial court. In their motion, plaintiffs requested that the trial court set out the specific reasons for the sustaining of the demurrer, and that they be given the right to amend their petition. Plaintiffs did not, however, tender a proposed amended petition.

While plaintiff's motion for new trial was pending, the defendants moved to dismiss the petition. The trial court overruled plaintiffs' motion for new trial

and dismissed the petition without prejudice. Plaintiffs filed a second motion for new trial, moving the court to vacate the dismissal of the action, but this motion was never ruled on by the trial court. Plaintiffs then appealed to this court.

The sole plaintiff in the Avery case is Alvina Avery, a grandchild of Alven Evans, and a child of Zena Clyde. The defendants are Lloyd Buchfinck and Leroy Evans, as current and former administrators of the estate of Elizabeth K. Evans, and as individuals. In the petition, as amended, plaintiff alleges that Elizabeth K. Evans had no property of her own at the time of her death, and that all property in her possession was trust property acquired under the will of Alven Evans. The allegations in regard to the will of Alven Evans in this case are similar to those in the Clyde case. Plaintiff alleges that the two defendants have wrongfully and tortiously taken and detained mixed and personal property in the possession of Elizabeth K. Evans at the time of her death, and have disposed of that property in November 1973. It is further alleged that the defendants have taken charge of certain real estate which constituted earnings from the Evan's Ranch operation, and that they have denied plaintiff and other rightful owners possession of that real estate. Plaintiff prays for money damages against the defendants.

In December 1974, defendants filed a demurrer to the amended petition on the following grounds: (1) There was another action pending between the same parties for the same cause; (2) there was a defect of parties defendant; and (3) the amended petition did not state facts sufficient to constitute a cause of action. The proceedings thereafter were similar to those in the Clyde case. The demurrer was sustained in December 1975. Plaintiff filed a motion for new trial, moving to vacate the decision to sustain the demurrer, and defendants moved to dismiss the

petition. The trial court sustained the motion to dismiss and overruled the motion for new trial. Plaintiff filed a second motion for new trial, but no ruling was made thereon.

At the time the trial court dismissed the petitions in both cases, it made the following statements: "The demurrers were sustained upon several grounds, among which were that it was the Court's opinion that amendment was not a practical or a viable alternative; and for that reason the trial docket sheet entered by the Court dismissed the action. * * * Therefore, with the lack of amendment, or the lack of tender of an amendment, and the multiple reasons for sustaining the demurrer, I feel now that the case should be dismissed, and they are therefore dismissed without prejudice." At no time did the trial court specify its reasons for sustaining the demurrer in either case.

The assignments of error by appellants in both cases are the same. The appellants first contend that the sustaining of the demurrers and the dismissal of the petitions were contrary to law and therefore erroneous. Secondly, appellants contend that the procedure followed in sustaining the demurrers was contrary to law, stating that (1) the arguments pertaining to the demurrers were analogous to ones for summary judgment, and were not directed to the allegations of the demurrers themselves; (2) the District Court erred in failing to inform the plaintiffs of the grounds upon which the demurrers were sustained; (3) the District Court erred in not allowing plaintiffs to amend their petitions; (4) it was error to dismiss the petitions without granting plaintiffs the opportunity to amend their petitions; and (5) the District Court erred in not ruling on plaintiffs' motions for new trial filed subsequent to the dismissal of the petitions.

The rules in regard to demurrers are well settled in this state. Section 25-806, R. R. S. 1943, sets forth

the grounds for demurrers, including the ground that "the petition does not state facts sufficient to constitute a cause of action." A demurrer on this ground is regarded as a general demurrer, which "tests the substantive legal rights of the parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from the facts which are pleaded. A petition is sufficient if from the statement of facts set forth therein the law entitles the plaintiff to recover." Lee v. Brodbeck, 196 Neb. 393, 243 N. W. 2d 331 (1976). See, also, Kuester v. State, 191 Neb. 680, 217 N. W. 2d 180 (1974); Martindale v. State, 181 Neb. 64, 147 N. W. 2d 6 (1966). A demurrer reaches only defects which appear on the face of the petition, and admits all allegations of fact which are relevant, material, and well pleaded, but does not admit the pleader's conclusions of law. Johnsen v. Parks, 189 Neb. 712, 204 N. W. 2d 804 (1973); First National Bank v. Morgan, 172 Neb. 849, 112 N. W. 2d 26 (1961).

A demurrer reaches an instrument filed with the petition and made a part thereof, but does not admit any construction placed on any instrument pleaded and set forth in the petition. See, Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75 (1961); Valentine Oil Co. v. Powers, 157 Neb. 71, 59 N. W. 2d 150 (1953); 61 Am. Jur. 2d, Pleading, §§ 276, 280, pp. 685, 690; 71 C. J. S., Pleading, §§ 257, 261, pp. 502, 530. Therefore, in determining whether a demurrer should be sustained, the trial court may construe an instrument made a part of the petition. See Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874 (1950).

An examination of the petitions in the present cases indicates that plaintiffs' claims to an interest in the property in question are grounded upon an interpretation of the will of Alven Evans. In their briefs on appeal, the parties set forth extended arguments in regard to the construction of the will of

Alven Evans, and in effect urge this court to construe that will. On the record presented in these cases, however, we decline to construe the will, and remand the case for further proceedings for the following reasons.

In the Clyde case, defendants do not contend that plaintiffs have not set out sufficient facts in their petition to permit construction of a will and imposition of a trust. See, generally, 96 C. J. S., Wills, § 1090, p. 770. Instead, defendants contend that examination of the will of Alven Evans shows that plaintiffs have no interest in the property in question, particularly in any accumulations from the personal property Elizabeth K. Evans received from her husband upon his death. Defendants' objection to the petition in Clyde, therefore, is essentially that plaintiffs' interpretation of the will is erroneous. The same contention is set forth in the Avery case, and in addition defendants argue that a cause of action for conversion or wrongful detention of property cannot lie against the administrators of the estate of Elizabeth K. Evans.

The difficulty this court faces in these cases is that the record does not show the trial court's reasons for sustaining the demurrers. There is no indication that the trial court in fact construed the will of Alven Evans and determined that plaintiffs have no interest in the property in question under that will. At the time the trial court dismissed the petitions in both cases, it stated that the demurrers were sustained on "several grounds," and for "multiple reasons." The trial court apparently considered the demurrers in both cases at the same time, and did not state its specific reasons for sustaining each demurrer in each case. The demurrer in the Avery case was made on several grounds, but which ground the trial court relied on is not shown by the record. Although the only ground for demurrer in the Clyde case was that the petition failed to state a

cause of action, defendants advanced more than one legal theory as to why it failed to state a cause of action.

In such circumstances, this court should not indulge in the construction of a will which has not yet clearly been construed by the trial court. As stated in In re Linford's Estate, 116 Utah 21, 207 P. 2d 1033 (1949): "When a demurrer is interposed stating several grounds, the court should, when sustaining the demurrer, specify the grounds upon which it is sustained; otherwise, this court is not informed in regards wherein the complaint was deficient. We should not be required to examine all of the grounds in order to see if one or more were well taken." In this case, plaintiffs requested that the trial court specify its reasons for sustaining the demurrers. Part of plaintiffs' concern was that they did not know whether the trial court had in fact construed the will and found that they had no interest in the property under it, or whether the petitions were defective for other reasons. Plaintiffs' failure to tender proposed amendments to the petitions is understandable when they were uncertain of the grounds on which the demurrers were sustained. Without knowing the reasons for the sustaining of the demurrers, it is impossible for this court to determine whether the trial court erred in not granting plaintiffs leave to amend their petitions, as was requested in the alternative in their motions for new trial, and also in their briefs previously filed in these proceedings.

Therefore, on the record presented, we find it advisable to reverse the judgments and remand the causes to the District Court. It would be inappropriate for this court to indulge in the construction of a will where the record does not clearly show that the trial court has construed it. Although defendants in Avery attack the petition on several grounds, the record does not show why the demurrer was sus-

tained. On remand, the parties and the trial court can and should establish a clear record in regard to the issues raised in the cases, including a construction of the will, so that this court, if it should become necessary, may review the issues without speculation as to the basis for any decision reached.

REVERSED AND REMANDED.

BOSLAUGH, J., dissenting.

It is not clear to me why these cases should be remanded to the District Court for further proceedings. I am not aware of any rule of law that prevents this court from deciding these cases upon the basis of the issues presented by the parties.

The controlling issue appears to be a construction of the will of Alven Evans, deceased. In general terms the question is whether the will gave Elizabeth K. Evans a life interest with a power of disposition or an interest in fee simple. This is a question of law which is argued in the briefs of both parties.

Ordinarily, the reason for decision relied upon by the trial court does not affect the decision of the case by this court. In many, if not most, of the cases decided by this court the record does not show the reason for decision upon which the trial court relied. A judgment will not be reversed if the trial court reached the right result even though the reason for decision was erroneous.

The opinion in these cases decides nothing and subjects the parties to further delay and expense which is unnecessary. In my opinion the cases should have been decided upon the issues presented.