LOUIS KASH ET AL., APPELLANTS, V. MCDERMOTT & MILLER,
P.C., A NEBRASKA PROFESSIONAL CORPORATION, ET AL.,
APPELLEES.

376 N.W.2d 558

Filed November 22, 1985.   No. 84-813.

Mary Cannon Veed of Matthews & Cannon, P.C., for appellants.

John F. Thomas of McGrath, North, O'Malley & Kratz, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the Douglas County District Court sustaining the defendants-appellees' plea in abatement and dismissing without prejudice the plaintiffs-appellants' petition.

Plaintiffs, Louis Kash, Gerald Hruza, and Larry Schelm, were three stockholders in the Niobrara Investment Company, a holding company whose primary asset was the stock of the Bank of Niobrara (Bank), Niobrara, Nebraska. The defendants are certified public accountants who were retained to perform directors' examinations for the Bank and to provide general financial and accounting advice to the Bank.

In September 1982 the Department of Banking and Finance

conducted an examination of the Bank. As a result, numerous loans were reclassified, creating a capital shortage. The department concluded that the plaintiffs and other stockholders must either arrange for injection of money into the Bank to restore its capital position or close the Bank and liquidate its assets.

The defendants advised the plaintiffs in this matter, and eventually the plaintiffs and other stockholders injected an additional $750,000 into the Bank, $450,000 of which the plaintiffs supplied.

In the spring of 1983 the Department of Banking and Finance conducted another examination which resulted in additional loan reclassifications and, ultimately, the liquidation of the Bank's assets, a proceeding still in progress at the time briefs were filed and arguments heard in this case. Because the holding company stock is now essentially worthless, the plaintiffs have lost both their original and subsequent capital investments.

The plaintiffs sued the defendants on October 3, 1983, alleging negligence and/or fraud. In their original petition the plaintiffs joined derivative claims on behalf of the corporation with individual claims for individual damages. In response to the defendants' successful demurrer for misjoinder, the cases were severed and docketed separately. The derivative claims currently are pending in the Douglas County District Court. The case at issue is the appeal of the individual stockholders.

After the plaintiffs filed their second amended petition, the defendants filed a plea in abatement, claiming that the derivative suit was the same as the individual stockholders' suit. At the hearing on the defendants' plea, during which the district court allowed no evidence, arguments were made and the defendants' plea was sustained.

The appellants make several assignments of error, but because of the manner in which we decide this case, we consider only the first. The appellants claim that the district court erred when it sustained the defendants' plea in abatement without allowing the introduction of evidence and without establishing an evidentiary record. The crux of the appellants' argument is that when considering the appropriateness of a plea in abatement, unlike a demurrer, the trial court should allow the

parties to present evidence extraneous to the pleadings and should construct an evidentiary record for purposes of appellate review.

An objection that there is another case pending between the parties for the same cause may be raised by demurrer to a petition, but only when the pendency of the other action is shown on the face of the petition. Neb. Rev. Stat. § 25-806(3) (Reissue 1979); *Johnsen v. Parks*, 189 Neb. 712, 204 N.W.2d 804 (1973).

The same objection can be made by a common-law plea in abatement. A defendant may bring a plea in abatement when there is another action pending between the same parties, involving the same or substantially the same subject matter, cause of action, and relief. *National Bank of Commerce T. & S. Assn. v. Shull*, 195 Neb. 590, 239 N.W.2d 505 (1976). A plea in abatement is a dilatory and technical plea and is not, as a rule, favored by the courts. *National Bank of Commerce T. & S. Assn. v. Shull, supra*; *Richardson v. Opelt*, 60 Neb. 180, 82 N.W. 377 (1900). It generally will not be sustained unless the party interposing it can clearly show that he or she is within the reason for its enforcement. *Richardson v. Opelt, supra.*

We agree with the appellants that a demurrer and a plea in abatement are different with respect to the role of evidence in the proceedings. The purpose of a plea in abatement is "to bring to the attention of the court some fact or circumstance, *not disclosed on the face of the record*, which will defeat the particular action without absolutely and forever precluding or excluding right of recovery in the plaintiff." (Emphasis supplied.) 61A Am. Jur. 2d *Pleading* § 129 at 130 (1981); *Boyle v. Webb*, 54 Ariz. 188, 94 P.2d 642 (1939).

We do not read § 25-806(3) to incorporate completely the common-law plea in abatement so as to preclude the parties and court from introducing and considering evidence when determining the appropriateness of the plea. To interpret the statute in such a manner would make a plea in abatement and a demurrer under § 25-806(3) indistinguishable, something they are not. See, e.g., *Tyler v. Hand*, 48 U.S. 573 (7 How. 573), 12 L. Ed. 824 (1848); *Boyle v. Webb, supra.*

Here, although the defendants could have demurred under § 25-806(3), they chose to rely upon a plea in abatement. At the

hearing the district court should have allowed both parties to introduce evidence as to the appropriateness of the plea under the circumstances.

Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.