STATE OF NEBRASKA, EX REL. GRANT S. COBB, V. JACOB FAWCETT, JUDGE.

FILED APRIL 17, 1902. No. 12,467.

Commissioner's opinion, Department No. 2.

1. Bill of Exceptions: JUDICIAL NOTICE. A bill of exceptions may properly include a record of events which took place in the presence of or under the direction of the court and matters of which the court took judicial notice, if in fact considered by the court in arriving at a decision, although not formally introduced in evidence.

State v. Fawcett.

2. ———: ———: REVIEW: APPEAL: REJECTION OF IMPROPER EVI-
DENCE. If any matter of which a trial court takes judicial
notice in coming to a decision is incompetent, irrelevant or other-
wise improper to be considered, this court, in hearing the cause
on appeal, will reject it and put it out of the way in consider-
ing whether the order complained of is sustained by sufficient
evidence.

3. ———: MANDAMUS: PLAIN AND ADEQUATE REMEDY IN THE ORDI-
NARY COURSE OF LAW. A party who complains that a trial judge
has incorporated incompetent, irrelevant or improper matter
in a bill of exceptions by way of amendment on the ground
that he took judicial notice thereof at the hearing, has a "plain
and adequate remedy in the ordinary course of the law," within
the purview of section 646, Code of Civil Procedure, by obtaining
a review of the action of the judge in considering the matter
complained of.

ORIGINAL application for a writ of mandamus to com-
pel the settling of a bill of exceptions. Rehearing of case
reported in 63 Nebr., 523. *Former judgment vacated.
Writ denied.*

*Brome & Burnett, Virgil O. Strickler* and *J. H. McIn-
tosh,* for relator.

*Ralph W. Breckenridge, contra.*

POUND, C.

The facts are stated in the former opinion. *State v.
Fawcett,* 63 Nebr., 523. It is said in that opinion that "the
office of a bill of exceptions is to exhibit to the appellate
court those portions of the public proceedings at the trial
which the complaining party deems material for the ap-
pellate court's consideration, and which would otherwise
not go into the record." Such was the office of the bill
of exceptions at common law, where either party might
have any number of separate bills of exceptions relating
to particular rulings as a trial progressed. But under our
practice the scope of a bill of exceptions has been enlarged
materially. This is necessary in actions at law by reason
of the power of this court to pass on assignments of error
that verdicts and judgments are contrary to or not sup-
36

ported by the evidence. It is even more necessary under
our equity practice, wherein all the evidence considered by
the trial court is brought to this court on appeal by bill
of exceptions, instead of being transcribed and transmitted
directly. Code of Civil Procedure, sec. 676. In suits in
equity the bill of exceptions provided for by the Code is
intended to bring before the appellate court everything
which was before the trial court and was considered by
that court in making its findings and rendering its order
or decree. Hence it would seem clear that a bill of ex-
ceptions may properly include a record of events which
took place in the presence of or under the direction of the
court and matters of which the court took judicial notice,
if in fact considered by the court in arriving at a decision,
although not formally introduced in evidence. *State v.
Scott,* 59 Nebr., 499. In my opinion, the relator has an
adequate remedy for everything of which he complains, in
due course of law, within the purview of section 646, Code
of Civil Procedure. That section provides expressly that
the writ of mandamus "may not be issued in any case
where there is a plain and adequate remedy in the ordinary
course of the law," and in so doing merely declares a
wholesome and well-settled rule of the common law. If
the matters to which relator objects, or any of them, are
incompetent, irrelevant, or improper to be considered, this
court, on hearing the cause on its merits, will reject them
and put them out of the way in considering whether the
order complained of is sustained by sufficient evidence.
Some of them appear proper to be considered, and have a
place in a bill of exceptions. Others at first sight appear
very doubtful. But this is not the time nor the occasion
to consider the propriety of the court's action in taking
such matters into consideration. While we will not re-
view rulings on evidence as such on appeal, the competency
or admissibility of the evidence received may be passed
upon in reviewing the order appealed from on its merits.
*McConnell v. First Nat. Bank,* 38 Nebr., 252, 262, and
cases cited. Then is the time to review what the district

judge did.   Now we can only require him to make what he did a part of the record.   It is for him to say what evidence he received and what matters he took notice of judicially in reaching his conclusion.   We ought not to require him to certify to a bill as containing all the evidence considered by him when he considered other matters not set forth therein as well.   If he erred in considering them, there is ample opportunity for correcting his error in due course of law.

It is recommended that the former judgment be vacated, and that the writ be denied.

BARNES and OLDHAM, CC., concur in the recommendation.

By the Court:   For the reasons stated in the foregoing opinion, the former judgment is vacated and the writ is denied.

WRIT DENIED.

NOTE.—*Judicial Notice.*—We are bound to take judicial notice of historical facts, matters of public notoriety occurring in our midst. 70 Me., 609.—REPORTER.