RUTH HELEN KEHR, APPELLANT, v. NORRIS W. KEHR, APPELLEE.

114 N. W. 2d 26

Filed March 23, 1962. No. 35116.

*Person & Dier*, for appellant.

*Anderson, Storms & Anderson*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from a judgment of the district court

for Gosper County sustaining a plea in abatement and dismissing plaintiff's petition for a partition of certain lands held by the parties in joint tenancy.

Plaintiff and defendant were wife and husband during the times pertinent to this appeal. They were the owners of 400 acres of farm land in Gosper County which they owned in joint tenancy. On December 9, 1960, plaintiff filed an action to secure a partition of these lands. On the same day, plaintiff filed an action to obtain an absolute divorce, child custody, child support, and a determination of property rights. Defendant thereupon filed a plea in abatement in the partition case on the ground that the relief sought in that case could be determined in the divorce action and that the partition action should be abated to avoid a multiplicity of suits. Before hearing on the plea in abatement, plaintiff dismissed her divorce suit without prejudice. The objections of defendant to the dismissal of the divorce action were overruled by the trial court. Defendant's plea in abatement was thereupon overruled.

On April 27, 1961, plaintiff filed a suit in the district court for Gosper County to obtain a divorce from bed and board. The defendant thereupon filed a second plea in abatement in the partition suit which the trial court sustained. The plaintiff has appealed from the order of the trial court dismissing the partition suit.

The plaintiff complains that the trial court admitted the files in the divorce action and in the suit for divorce from bed and board without a proper foundation being laid therefor. It is a sufficient answer to this assignment of error for us to say that no objection was made to the offer of the files in evidence. Plaintiff may not complain of the admission of evidence to which no objection was made.

Plaintiff contends that the files in the divorce and separate maintenance actions were not formally received in evidence by the trial court and that it is error

for that court to direct their inclusion in the bill of exceptions.

It is the rule in this state that the trial court may properly direct the inclusion of all matters in a bill of exceptions which it had before it and which it considered in determining the case. That the files in question were offered and considered by the trial court, although not formally received, is established by the record. Under such circumstances the trial court may properly order their inclusion in the bill of exceptions. State ex rel. Bankers Reserve Life Assn. v. Scott, 59 Neb. 499, 81 N. W. 305; State ex rel. Cobb v. Fawcett, 64 Neb. 496, 90 N. W. 250; Peterson v. Skiles, *ante* p. 223, 113 N. W. 2d 105.

Whether or not the district court has jurisdiction in a suit for divorce from bed and board to determine the property rights of the parties appears pertinent to a decision of the present appeal. The right to a divorce from bed and board is statutory. The applicable statute appears to make no distinction between a suit for absolute divorce and one from bed and board. § 42-318, R. R. S. 1943. It contemplates a divorce from bed and board as being a complete and permanent separation of the parties without a legal dissolution of the marriage. Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156. A division of property and an allowance of alimony in a divorce from bed and board is as broad in scope as in an absolute divorce. The extent of the use of the power granted rests within the sound discretion of the trial court. It is clearly within the power of the district court to adjust all the property rights of a husband and wife in a proceeding for a divorce from bed and board when the evidence and circumstances require it.

Plaintiff contends that the filing of a plea in abatement to avoid a multiplicity of suits should be directed at the second suit filed and not to the first one, as in the present case. It is a general rule that the commencement of another suit for the same cause of action can-

not be pleaded in abatement of the original suit. State ex rel. Chicago, B. & Q. R.R. Co. v. North Lincoln St. Ry. Co., 34 Neb. 634, 52 N. W. 369. See, also, 1 Am. Jur., Abatement and Revival, § 21, p. 31.

There is, however, a recognized exception to the general rule where the subsequent suit embraces more as to the subject matter than the first suit as in the case at bar. The suit for divorce from bed and board contains issues in addition to its prayer for a division of the property. In such a case the court may with propriety dismiss the prior suit and permit the plaintiff to proceed in the second suit. Dietrich v. Hutchinson, 81 Vt. 160, 69 A. 661; 1 C. J. S., Abatement and Revival, § 18, p. 52.

In the present case the parties in the two actions are identical. The subject matter of the first action is within the scope of the relief sought in the second. Since the scope of the subject matter of the second action is broader than the first, it is proper to sustain the plea in abatement in the first action and permit the plaintiff to proceed in the second where complete relief can be granted, and thus avoid a multiplicity of suits.

Under the foregoing rules the trial court did not err in sustaining the plea in abatement directed to plaintiff's first suit. We think it would have been more expeditious, however, for the trial court to have directed a consolidation of the two cases for the purpose of trial and decision. There being no prejudicial error in the record, the judgment of the trial court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.