TODD R. MCWHA, APPELLEE AND CROSS-APPELLANT, V. MARY F. MCWHA, APPELLANT AND CROSS-APPELLEE.

488 N.W.2d 357

Filed August 28, 1992.   No. S-91-263.

Stanley D. Cohen for appellant.

Terry Dougherty, of Knudsen, Berkheimer, Richardson & Endacott, and Robert P. Goodwin, of Peetz, Sonntag & Goodwin, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Mary F. McWha appeals from the marriage dissolution decree of the district court for Lincoln County which granted

Todd R. McWha the custody of the couple's minor child. Mary McWha assigns as error the district court's rulings on custody, venue, and certain issues regarding evidence. Todd McWha cross-appeals, assigning as error the court's determinations on child support and visitation.

## STANDARD OF REVIEW

"In an appeal involving an action for dissolution of marriage, an appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another."

*Stover v. Stover*, 240 Neb. 391, 392, 482 N.W.2d 244, 245 (1992). Accord, *Stuhr v. Stuhr*, 240 Neb. 239, 481 N.W.2d 212 (1992); *Pattrin v. Pattrin*, 239 Neb. 844, 479 N.W.2d 122 (1992).

## CONCLUSION

We find that the district court erred in admitting into evidence certain material derived from secret tape recordings, in violation of Neb. Rev. Stat. §§ 86-701 and 86-702 (Cum. Supp. 1990) and Neb. Rev. Stat. § 86-712 (Reissue 1987). Therefore, we have disregarded this erroneously admitted evidence in our de novo review of this case. Furthermore, based on our de novo review, we conclude that the district court did not abuse its discretion in denying Mary McWha's motion for change of venue, or in determining custody. See *Lippincott v. Lippincott*, 144 Neb. 486, 13 N.W.2d 721 (1944). In regard to Todd McWha's assignments of error on cross-appeal, we conclude that the child support order does not constitute an abuse of the district court's discretion. However, we do find that the district court abused its discretion in granting Mary McWha "summer visitation commencing the third day after school ends in the spring and ending 3 days before the fall term of school begins." See *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987). Therefore, we modify the district court's

judgment regarding summer visitation so that beginning in 1993 and continuing each year thereafter, unless otherwise ordered by the district court in a modification proceeding, Mary McWha shall have 6 consecutive weeks of visitation concerning Jessica McWha during the summer months. The dates for Mary McWha's summer visitation rights are determinable by agreement of the parties; otherwise, such visitation is determinable by the district court.

AFFIRMED AS MODIFIED.