MAGGIE G. PENDLETON, APPELLANT, v. LLOYD J. PENDLETON, APPELLEE.

496 N.W.2d 499

Filed March 5, 1993.   No. S-90-955.

Carll J. Kretsinger for appellant.

Chris M. Arps, of Arps & Schirber Law Offices, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

HASTINGS, C.J.

Petitioner, Maggie Pendleton, was granted a decree signed by the court on September 11, 1990, dissolving her marriage to

respondent, Lloyd Pendleton. However, she appeals from that portion of the decree which denied her request for a division of marital property accruing since an earlier decree of legal separation and denied her request for alimony. In addition, petitioner asks for attorney's fees in this action.

The basic question presented by this appeal is whether the provision of Neb. Rev. Stat. § 42-365 (Reissue 1988), which prevents the later modification of a decree of dissolution to provide for alimony when none was awarded in the original decree, applies in like manner to proceedings granting a legal separation. There is a related question of whether the failure to award alimony or to divide respondent's military pension in the legal separation is res judicata so as to preclude such award in a later dissolution proceeding.

The parties had been married on November 19, 1960. Petitioner filed for a legal separation on March 7, 1975, and a decree of legal separation was entered on September 8, 1975. The petition requested child custody and support, alimony, and a division of the real and personal property. In the decree, the trial court granted custody of the couple's four then-minor children to the petitioner, ordered respondent to pay $125 per child per month in child support, equitably distributed the "then known personal property between the parties", awarded the home to the petitioner subject to a lien of $2,500 in favor of the respondent payable upon sale of the house, ordered respondent to pay the outstanding bills and $350 in attorney's fees to petitioner. The decree was silent as to petitioner's property interest in respondent's military pension or as to the existence of any such pension.

Respondent had enlisted in the United States Air Force on October 7, 1951, and retired in November, 1977, after which he commenced receiving his pension. On January 4, 1990, petitioner filed a petition seeking a dissolution of the marriage, asking that the court adopt and incorporate in its decree the property division previously ordered in the separation proceedings, but modifying that decree "only to the extent of the marital interests acquired; ordering the Respondent to pay alimony to the Petitioner . . . ." The trial court entered a decree dissolving the marriage, but recited "that all other relief

requested in this case and not expressly granted herein, is hereby denied."

It is apparent from statements made on the record that the trial court relied upon the doctrine of res judicata in denying petitioner's request for alimony and in rejecting her argument in requesting a share of respondent's military pension. The court further, in its oral findings, held that since the legal separation decree provided for no alimony, petitioner was barred from later seeking alimony in a dissolution action.

Petitioner's assignments of error distilled to the basics involve a claim that the trial court erred in interpreting the statutes by failing to make a distinction between legal separation support and dissolution ordered alimony and in concluding that the statutory prohibition against later awarded alimony in a dissolution case is applicable to a legal separation in which latter proceedings there was a failure to award alimony.

In an appeal involving an action for dissolution of marriage, an appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. *McWha v. McWha*, 241 Neb. 355, 356, 488 N.W.2d 357 (1992); *Stover v. Stover*, 240 Neb. 391, 392, 482 N.W.2d 244, 245 (1992). However, statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the trial court. *Calvert v. Roberts Dairy Co., ante* p. 664, 496 N.W.2d 491 (1993).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Uhling v. Uhling*, 241 Neb. 368, 488 N.W.2d 366 (1992).

The division of property is entrusted to the discretion of the trial judge. *Policky v. Policky*, 239 Neb. 1032, 479 N.W.2d 795 (1992). Although alimony and distribution of property have

different purposes in marriage dissolution proceedings, they are closely related and circumstances may require that they be considered together. *Hildebrand v. Hildebrand*, 239 Neb. 605, 477 N.W.2d 1 (1991). In dividing marital property, the trial court should take into consideration the indebtedness of the parties in order to divide the net marital estate. *Hildebrand v. Hildebrand, supra.*

The oral findings of the trial court found in the record are quite lengthy. However, in substance they state that the district court for Sarpy County has always treated the term "support" as used in the legal separation statute and the term "alimony" as used in the dissolution statute as being applied interchangeably. "[The] decree of legal separation provided for no alimony, and the lack of provision for any alimony I think bars Mrs. Pendleton from ever seeking alimony."

The court went on to state that at the time of entering the decree of legal separation,

"Judge Case (the trial judge in that proceeding) had to be aware that at that point of time that he had over 20 years in the Air Force, or military, that a military pension was certainly in existence. . . . And I would conclude that the award of the personal property in essence awarded the military pension to Mr. Pendleton."

Whether the original trial judge was in fact aware of the existence of a pension is not in the record and we do not know what he thought. In any event, in 1975 when the decree of legal separation was entered, respondent's pension rights did not constitute marital property subject to division between the parties. "As late as May 28, 1980, this court followed the rule that a pension of one party to a marriage, unless its terms provide otherwise, is not a joint fund for the benefit of the other party and is not ordinarily subject to division as part of a property settlement, but may be considered as a source for the payment of alimony." *Kullbom v. Kullbom*, 209 Neb. 145, 151, 306 N.W.2d 844, 847 (1981). At the time of the legal separation there was no authority to award petitioner any portion of respondent's expected pension as property, and the court obviously chose not to award her any support other than in the form of child support. Because the parties continued to be

husband and wife after the decree of separation, the relator maintained her continuing marital interest in the respondent's property realizable upon the death of respondent, and because there is no provision in the statute relating to legal separations preventing the later award of support, it is reasonable to assume that the court felt for the time being, at least, the $500 per month child suppport was sufficient.

The trial court in the present proceedings utilized Neb. Rev Rev. Stat. § 42-365 (Reissue 1988) to conclude that because alimony was not awarded in the decree for legal separation it could not be awarded in a later decree for dissolution. Section 42-365 provides in part:

> When *dissolution* of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, . . . orders for alimony may be modified or revoked for good cause shown, *but when alimony is not allowed in the original decree dissolving a marriage*, such decree may not be modified to award alimony.

(Emphasis supplied.)

The statutory provisions relating to legal separation which were in effect at the time of the decree of separation contained no provisions similar to the italicized language above. Neb. Rev. Stat. § 42-347 (Reissue 1974), provided in part that "(3) Legal separation shall mean a decree of a court of competent jurisdiction providing that two persons who have been legally married shall thereafter live separate and apart and providing for any necessary adjustment of property, support, and custody rights between the parties, but not dissolving the marriage; . . . ."

In dealing with legal separations, Neb. Rev. Stat. § 42-366 (Reissue 1974) provided in part that "(6) Alimony may be ordered in addition to a property settlement award."

Finally:

> When a legal separation is decreed, the court may order payment of such support by one party to the other as may be reasonable, having regard for the circumstances of the parties and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. Orders

for support may be modified or revoked for good cause shown upon notice and hearing, except as to amounts accrued prior to date of service of motion to modify, to which date modification may be retroactive.

Neb. Rev. Stat. § 42-368 (Reissue 1974).

As is apparent from the above language in effect at the time of the decree of separation, and in the same statutory sections existing today, the prohibition against modifying a decree at a later time to provide for alimony when not allowed in the original decree, applies to a *dissolution* of the marriage, not to a decree of legal separation. Therefore the court in this dissolution proceeding is not statutorily prohibited from awarding alimony in its discretion.

In 1980 the Legislature amended § 42-366 which is now codified at Neb. Rev. Stat. § 42-366 (Reissue 1988) to add the following provision:

(8) If the parties fail to agree upon a property settlement which the court finds to be conscionable, the court shall order an equitable division of the marital estate. The court shall include as part of the marital estate, for purposes of the division of property *at the time of dissolution*, any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party, whether vested or not vested.

(Emphasis supplied.)

For the first time, Nebraska law directed that the court *shall* include pensions as part of the marital estate for purposes of division of property. Clearly, any claim by the petitioner back in 1975 against her husband's future pension would have been of no avail as she was not entitled to her husband's pension in the eyes of the law. The Nebraska courts had no jurisdiction over federal military pensions to consider them as property of the marriage for the purpose of division until, as stated by this court in *Taylor v. Taylor*, 217 Neb. 409, 412, 348 N.W.2d 887, 889 (1984),

Congress then passed the Uniformed Services Former Spouses Protection Act, Pub. L. No. 97-252, § 1002(a), 96 Stat. 730 (1982) (codified at 10 U.S.C. §§ 1401 et seq (1982)) (USFSPA). The act provides, among other things:

Subject to the limitations of this section, a court may

treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1).

As previously stated, the court is not statutorily precluded from awarding alimony in a dissolution proceeding simply because no alimony was awarded by a prior separation decree. However, appellee argues that because appellant was not awarded alimony in the legal separation proceedings the court is prevented from addressing that issue in the dissolution case because of the doctrine of res judicata. He cites *Kehr v. Kehr*, 173 Neb. 532, 114 N.W.2d 26 (1962) in support of that proposition because of the following language:

A division of property and an allowance of alimony in a divorce from bed and board is as broad in scope as in an absolute divorce. The extent of the use of the power granted rests within the sound discretion of the trial court. It is clearly within the power of the district court to adjust all the property rights of a husband and wife in a proceeding for a divorce from bed and board *when the evidence and circumstances require it.*

(Emphasis supplied.) *Id*. at 534, 114 N.W.2d at 28.

The issue in *Kehr* was whether either a pending action for divorce or divorce from bed and board would justify the sustaining of a plea in abatement in a partition action involving joint tenancy property owned by the husband and wife. Accordingly, it is of little authority in this case. *Kehr* cited *Scholz v. Scholz*, 172 Neb. 184, 109 N.W.2d 156 (1961) which contains the following language:

A divorce from bed and board is in the nature of a conditional decree, *leaving the legal status of the parties unchanged in many respects* but relieving both parties from all obligations and rights to cohabitation while *making necessary adjustments* of their property to assure support during the *continuance of the relationship. It was not intended that the parties in a limited divorce would have all of the benefits of an absolute divorce except the legal*

*dissolution of the marriage.*
(Emphasis supplied.) *Id*. at 188, 109 N.W.2d at 159.

We hold that the failure to award alimony or to assign specific property in an action for legal separation does not in and of itself preclude such awards upon a dissolution of marriage and therefore we turn to such problem.

It is apparent from the statement made by the trial judge in the record that he and the parties anticipated that if the trial court was found to have erred in denying as a matter of law the petitioner a share of respondent's pension, the case should be remanded to the trial court for factual findings in that regard. However, we have found such a "bifurcation" of a dissolution case to result in no final, appealable order, *Gerber v. Gerber,* 218 Neb. 228, 353 N.W.2d 4 (1984), which is exactly the situation with which we are here confronted.

However, because appeals in domestic relations matters are heard de novo on the record we are empowered to enter the order which should have been made as reflected by the record.

The record leaves something to be desired, both on behalf of the petitioner and the respondent, but the parties will have to live with it as it is.

We view the circumstances of the parties as they existed on the effective date of the decree of dissolution, July 31, 1990. Respondent was drawing a military pension in the gross amount of $1,418 per month, less Survivor's Benefit Plan cost of $73.13 and income tax withholding of $135.48, leaving a "take home pay" of $1,209.39. We do not consider the additional deduction of $179.95 for "allotments" because we have no idea what they are for. They could be for bonds, for payment of bills, for savings or whatever. It was the responsibility of the respondent to furnish this information in the record and he did not do so. Accordingly, we conclude that respondent's "disposable or retainer pay" under the provisions of 10 U.S.C. § 1408(a)(4) amounts to $1,209.39 per month. As previously set forth in full, 10 U.S.C. § 1408(b)(1) provides that a court may treat disposable retired or retainer pay of a member either as property solely of the member or as property of the member and his or her spouse in accordance with the law of the jurisdiction. Neb. Rev. Stat. § 42-366(8) (Reissue 1988) requires this court to "include as part of the

marital estate, for the purposes of the division of property at the time of dissolution, any pension plans, retirement plans, annuities, and other deferred compensation owned by either party."

Respondent testified that because of his 26 years of active service his pension amounted to 65 percent of his base pay; (50 percent of base pay for 20 years plus $2\frac{1}{2}$ percent additional for each year over 20 years to a maximum of 6 additional years). At the time of his retirement he and the petitioner had been married for 17 years. Therefore, 65 percent ($^{17}/_{26}$) of the total pension had been earned during the marriage. Sixty-five percent of $1,209.39 amounts to $786.10 per month. Under the provisions of 10 U.S.C. § 1408(e)(1) the total amount payable to a spouse for child support, alimony, or division of property is limited to 50 percent of the "disposable retired or retainer pay," but in any event, of course, is further limited by the disposition which might be made by the state courts.

This court has said on innumerable occasions that the ultimate test in determining the appropriateness of the division of property is fairness and reasonableness as determined by the facts of each case. *Hildebrand v. Hildebrand*, 239 Neb. 605, 477 N.W.2d 1 (1991). We have recognized the general rule to be the awarding to a spouse of one-third to one-half of the marital property, but have also recognized that a division of property is not subject to a precise mathematical formula. *Sullivan v. Sullivan*, 223 Neb. 273, 388 N.W.2d 516 (1986). The "one-third to one-half rule" in dividing marital property is of significance when the marriage is of long duration and the parties are the parents of all the children. *Taylor v. Taylor*, 222 Neb. 721, 386 N.W.2d 851 (1986).

We determined an award of 26 percent to the wife and 74 percent to the husband an abuse of discretion in *Sullivan v. Sullivan, supra*. The Court in *Taylor v. Taylor, supra*, concluded that an award of 25 percent to the wife was not unreasonable considering that the spouses had been separated for significant periods during their marriage.

In the present case the parties had been separated for 15 of their 30 years of marriage. There is no evidence of the age of either party other than can be inferred from the fact that their

eldest child is 30 years of age. No evidence appears in the record as to the education of either spouse or the prospects of future employment. Each party seems able to support herself and himself and is in need of no alimony. We do not consider the overpayment of child support by the respondent nor the absence of other provisions for the support of petitioner between 1975 and 1990.

After a consideration of all the other facts and circumstances of the case we are of the opinion that the decree of the district court should be modified to provide for a division of the disposable retired pay of the military pension earned during the marriage by awarding petitiioner the sum of $260 per month for her lifetime or until the pension benefits are no longer available, which is roughly one-third of that portion of the disposable retirement pay which is marital property. The decree as so modified, is affirmed.

Petitioner has filed a motion for attorney fees in this court. However, the affidavit in support of the award of fees simply states "Attorney's retainer for Appeal including all costs, $2,500.00" This is not sufficient under the provisions of Rule 9F Neb. Ct. R. of Prac. (rev. 1992) to support such an award and the motion is denied.

AFFIRMED AS MODIFIED.