Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/18/2018 09:10 AM CDT

Valerie K. Connolly, appellant, v.
Monte D. Connolly, appellee.
___ N.W.2d ___

Filed February 23, 2018.    No. S-16-1174.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court.
2. **Divorce: Appeal and Error.** In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.
3. **Evidence: Appeal and Error.** In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue.
4. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
5. **Appeal and Error.** Error without prejudice is not a ground for reversal.
6. **Divorce: Attorney Fees: Appeal and Error.** In an action for dissolution of marriage, the award of attorney fees is discretionary, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.
7. **Divorce: Attorney Fees.** The award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case.

Appeal from the District Court for Scotts Bluff County: Leo Dobrovolny, Judge. Affirmed.

Paul W. Snyder, of Smith, Snyder, Petitt & Hofmeister, G.P., for appellant.

William E. Madelung, of Madelung Law Office, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## I. INTRODUCTION

In this dissolution action, Valerie K. Connolly filed a petition for legal separation. Valerie and her husband, Monte D. Connolly, then filed a stipulation and agreement, which was approved by the district court in its decree of legal separation. Monte subsequently filed a motion to amend the complaint from legal separation to dissolution of marriage. Following a hearing, the district court issued a divorce decree, which differed from the decree of legal separation and included both an award of alimony and an award of half of the attorney fees to Valerie. Valerie appeals. We affirm.

## II. FACTUAL BACKGROUND

Monte and Valerie were married on April 15, 1974. At the time of trial, Monte was 64 years old and Valerie was 61 years old. Valerie worked from approximately 1976 until 2008, when, as a result of two automobile accidents, she became medically disabled and required continuing medical treatment. Valerie collects, as her sole source of income, approximately $1,500 per month in long-term disability payments. Prior to the divorce decree, Valerie received medical insurance coverage through Social Security, Monte's health insurance policy, and a supplemental policy paid for by Monte.

Monte also suffers from medical issues that prevent him from working. Monte collects long-term disability payments totaling approximately $3,600 per month. Monte placed $78,062.74 from a lump-sum payment of his retirement program in an

annuity with an insurance company. Together, these form his sole sources of income.

During their marriage, the couple purchased a home as joint tenants. Monte placed a value of $250,000 on the marital home, while Valerie valued the home at $299,950. As of July 2016, the home had a mortgage of $182,598. According to their 2015 joint income tax return, the couple's adjusted gross income was $20,018.

On August 15, 2012, Valerie filed the petition for legal separation against Monte. On December 12, Monte and Valerie filed a stipulation and agreement, agreeing that in the event the parties' marriage dissolved, their jointly owned real estate property would be sold and the proceeds would be divided equally between the parties. The parties agreed that Monte would continue to carry Valerie on his health insurance policy and be responsible for the premiums on that policy through December 31, 2012. Monte further agreed that commencing January 1, 2013, he would pay the premiums on Valerie's Medicare supplemental policy. The parties also agreed that neither party shall pay or receive alimony. Furthermore, each party agreed to be responsible for one-half of the attorney fees incurred in the processing of this action for a legal separation. Both parties were using the same attorney at the time.

The parties waived a hearing on the entry of a final decree of legal separation. On December 12, 2012, the district court issued a decree of legal separation, approving the parties' stipulations and granting the parties a decree of legal separation.

On September 9, 2015, Monte filed a motion to amend the complaint from legal separation to dissolution of marriage. Valerie filed an answer requesting that the real estate owned by the parties be sold; that Monte provide health insurance for Valerie until Valerie reached the age of 65 or, in the alternative, that Monte pay spousal support; and that Monte pay Valerie's attorney fees. Valerie subsequently filed a separate application for attorney fees.

On November 15, 2016, following a hearing, the district court filed a decree of dissolution. The decree divided the marital estate as follows:

2. . . . [E]ach party shall pay his or her own debts to include his or her own medical bills and credit card debts, and hold the other party harmless with respect to such debts.

3. . . . [E]ach party shall receive as his or her separate property his or her own clothing and personal effects, and all personal property presently in his or her own possession.

4. . . . [E]ach party shall receive as his or her separate property all bank accounts, retirement accounts, investments, and insurance policies currently held in his or her name respectively, and any other property currently in the party's possession.

5. The parties shall list the marital home for sale within thirty days. It shall be . . . initially listed for $300,000.00. In the event a closing on the property has not occurred within 180 days from the listing date, it shall be sold at public auction, and the proceeds divided consistent with the parties' legal separation agreement.

6. Monte shall pay alimony to Valerie in the amount of $363.00 per month beginning December 1, 2016, and continuing monthly thereafter until the death of either party or until Valerie remarries. This amount is the estimated Medicare supplement premium ($218.00) and the prescription supplement premium ($145.00) from exhibit 2. . . .

. . . .

8. Monte shall pay one-half of the attorney's fees of Valerie, in the amount of $1,347.57 within sixty days.

In support of its modification of the legal separation decree, specifically as related to alimony, the court found that it was not barred from considering an award of alimony, but that because it was a modification, it would be necessary for

Valerie to show a change in circumstances, which the court found she had not done. Despite this, the district court awarded Valerie alimony in an amount that equaled the health insurance costs which Monte had been paying under the decree of legal separation. Valerie appealed.

## III. ASSIGNMENTS OF ERROR

Valerie assigns, restated and consolidated, that the district court erred in (1) determining that Valerie needed to show a change of circumstances in order to be entitled to an award of alimony in the divorce decree and (2) awarding an insufficient amount of attorney fees based on the totality of the circumstances.

Monte asserts several assignments of error in his appellee's brief, but did not comply with this court's rules regarding the filing of a cross-appeal. As such, we do not consider any of Monte's assignments of error.[1]

## IV. STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court.[2]

[2,3] In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.[3] In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue.[4]

[4] A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving

---

[1] Neb. Ct. R. App. P. § 2-109 (rev. 2014).

[2] *State v. Thompson*, 294 Neb. 197, 881 N.W.2d 609 (2016).

[3] *Stephens v. Stephens*, 297 Neb. 188, 899 N.W.2d 582 (2017).

[4] *Meints v. Meints*, 258 Neb. 1017, 608 N.W.2d 564 (2000).

a litigant of a substantial right and denying just results in matters submitted for disposition.[5]

## V. ANALYSIS

### 1. Award of Alimony

#### (a) Whether Parties Need to Show
#### Change in Circumstances

Valerie assigns that the district court erred in requiring that she show a change of circumstances in the time between the decree of legal separation and the divorce decree in order to receive an award of alimony. In the alternative, Valerie argues that she has shown a change in circumstances, because her costs have increased due to the divorce decree, while Monte's income has increased.

We begin our analysis with the underlying statutes. The availability of an award of alimony is addressed in Neb. Rev. Stat. § 42-365 (Reissue 2016), which states in pertinent part:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. . . . A proceeding to modify or revoke an order for alimony for good cause shall be commenced by filing a complaint to modify. . . . Amounts accrued prior to the date of filing of the complaint to modify may not be modified or revoked. A decree may not be modified to award alimony

---

[5] *Stephens v. Stephens, supra* note 3.

if alimony was not allowed in the original decree dissolving a marriage.

Actions involving legal separation are considered separately. Neb. Rev. Stat. § 42-347(7) (Reissue 2016) provides that "[l]egal separation means a decree of a court of competent jurisdiction providing that two persons who have been legally married shall thereafter live separate and apart and providing for any necessary adjustment of property, support, and custody rights between the parties but not dissolving the marriage."

Finally, Neb. Rev. Stat. § 42-368 (Reissue 2016) states in pertinent part:

> When a legal separation is decreed, the court may order payment of such support by one party to the other as may be reasonable, having regard for the circumstances of the parties and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. Orders for support may be modified or revoked for good cause shown upon notice and hearing . . . .

This court held in *Pendleton v. Pendleton*[6] that the prohibition against modifying a decree of dissolution to provide alimony when none was awarded in the original decree was applicable only in cases involving dissolution, and inapplicable in the case of legal separation. We explained that the definition of legal separation set forth in § 42-347(7) contained no provisions similar to the language set forth in § 42-365 dealing with alimony in a dissolution action. We further explained that the language in Neb. Rev. Stat. § 42-366(6) (Reissue 2016) and § 42-368 specifically stated that the prohibition against modifying a decree did not apply to a decree of legal separation. Finally, we noted that res judicata did not preclude the district court from awarding alimony in the dissolution decree.

---

[6] *Pendleton v. Pendleton*, 242 Neb. 675, 496 N.W.2d 499 (1993).

As in *Pendleton*, we find that because § 42-347(7) contains no provisions similar to the language set forth in § 42-365, we must construe these statutes separately. And because we construe the decree of legal separation and the decree of dissolution separately, we find that an award of alimony in a decree of dissolution is not equivalent to a modification of an award of alimony in a decree of legal separation such that it is modifiable only upon a finding of good cause under § 42-365. Furthermore, we note that by its terms, § 42-365 is applicable only to an alimony award in a decree of dissolution and makes no mention of a decree of legal separation.

We hold that Valerie was not required to show a change of circumstances for purposes of good cause to modify the award of alimony awarded in the decree of legal separation. Instead, the district court should have determined a reasonable award of alimony based on the criteria set forth in § 42-365.

Valerie's first assignment of error has merit.

### (b) Whether Alimony Award
### Was Reversible Error

[5] Next, we turn to whether the district court error was prejudicial. Error without prejudice is not a ground for reversal.[7] Both in dividing property and in considering alimony upon a dissolution of marriage, a court should consider four factors: (1) the circumstances of the parties, (2) the duration of the marriage, (3) the history of contributions to the marriage, and (4) the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party, the polestar being fairness and reasonableness as determined by the facts of each case.[8]

Monte has a monthly income of approximately $3,600, and his monthly living expenses total $2,551. Valerie's monthly

---

[7] *Emery v. Mangiameli*, 218 Neb. 740, 359 N.W.2d 83 (1984).

[8] See, § 42-365; *Meints v. Meints, supra* note 4.

income is approximately $1,500, and her monthly budget totals $2,341. In the separation order, the judge approved the parties' agreement that Monte would continue to carry Valerie on his health insurance policy and be responsible for the premiums on that policy through December 31, 2012. Monte agreed that thereafter, commencing January 1, 2013, he would be responsible for the premiums on Valerie's Medicare supplemental policy. According to Valerie's monthly budget, these costs totaled $363. This calculation formed the basis of the judge's determination in the divorce decree of $363 as the amount of alimony.

Valerie contends that the award of alimony is insufficient, because she is now responsible for half of the monthly house payments, she pays rent, and she must pay the medical insurance that was previously provided by Monte. Valerie further argues that Monte's finances have improved due to the lump-sum payment of his retirement plan.

The parties agreed in the stipulation that the retirement accounts would remain separate, nonmarital property. Therefore, we do not find that the district court abused its discretion in failing to take the lump sum from Monte's retirement plan into consideration for purposes of alimony. Nor do we find merit in Valerie's contention that because she is now responsible for payment of her supplemental medical policy, half the payments on the house, and payment of rent where she lives, the amount of alimony was an abuse of discretion.

Contrary to Valerie's contention otherwise, the district court explicitly took into account Valerie's payment of her supplemental medical policy in the calculation of the amount of alimony in the decree. And Valerie did not include monthly house payments in her proposed monthly budget that she submitted to the court. It was Valerie's responsibility to furnish this information in the record, and she did not do so.[9] In addition, as noted above, the decree ordered the parties to sell the

---

[9] See *Pendleton v. Pendleton, supra* note 6.

house within 6 months and split the proceeds equally; thus, this monthly cost for house payments was of short duration. Furthermore, as the district court noted, Monte testified that he refinanced the real estate mortgage to lower the house payment after the separation and has paid approximately $75,000 toward the value of the real estate. Accordingly, the net value was to be divided equally between the parties. It was not an abuse of discretion for the court to omit this cost in its calculation of the amount of alimony.

We further find that the amount of alimony, when considered alongside Valerie's monthly income and the proceeds from the sale of the couple's home, was not an abuse of discretion. We note that the district court correctly took into account the income and earning capacity of each party and any disparity in the incomes between the parties. While Monte has a higher monthly income, his income is also based solely on disability payments. The disparity between the parties' income is not of such a degree that the amount of alimony was unfair.

After consideration of all other facts and circumstances of the case, we hold that the district court did not abuse its discretion in awarding Valerie $363 per month in alimony for her lifetime or until she remarries. We therefore hold that any error by the court in its analysis was not prejudicial to Valerie.

### 2. Attorney Fees

[6,7] Finally, Valerie assigns that the district court abused its discretion in ordering Monte to pay one-half of Valerie's attorney fees. In an action for dissolution of marriage, the award of attorney fees is discretionary, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.[10] The award of attorney fees depends on multiple factors that include the nature of the case, the services

---

[10] *Marcovitz v. Rogers*, 267 Neb. 456, 675 N.W.2d 132 (2004).

performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case.[11]

Based on our de novo review of the record and the general equities of the case, we find nothing to indicate an abuse of discretion on the part of the district court in its decision to award Valerie one-half of her attorney fees. Therefore, the district court did not err in awarding Valerie one-half of her attorney fees. Valerie's second assignment of error is without merit.

## VI. CONCLUSION

We affirm the order of the district court.

AFFIRMED.

WRIGHT, J., not participating.

---

[11] *Bowers v. Lens*, 264 Neb. 465, 648 N.W.2d 294 (2002).